BLANCHE, Judge.
Plaintiffs instituted this petitory action on June 28, 1955, claiming to be the owners of an undivided one-fortieth interest each by mesne inheritance from their great-grandmother, Mrs. Caroline Hebert Doiron. The original-named defendant was Schwing Lumber and Shingle Company, Inc. At the trial, however, it was stipulated that the Dow Chemical Company had acquired all assets of the original defendant, and the Dow Chemical Company was by stipulation substituted as the proper party defendant. From a judgment in favor of defendant and against plaintiffs dismissing their petitory action, plaintiffs perfected this appeal. For the reasons set forth herein, we affirm the judgment of the trial court.
Plaintiffs contend that the trial court erred in sustaining defendant’s pleas of ten years and thirty years acquisitive prescription. The record shows that on November 5, 1917, Schwing Lumber and Shingle Company, Inc., purchased the property in which plaintiffs claim an undivided ownership interest from the following-named persons who appeared as vendors :
“Mrs. Naomi Beatrice Doiron, wife of Mack Devillier, Mrs. Mary Doiron, wife of Henry Wiseman, Philip Doiron, husband of Mary Ray, Charles Doiron, husband of Irene McDonald, Alvin Doiron, husband of Clara Snyder, Mrs. Ida Doiron, wife of Sam Bennett, Mrs. Mar-celine Doiron, wife of Felix Peloux.” (Defendant Exhibit No. 13)
The act of sale contains a representation that the property being sold is that inherited by the vendors from Caroline Doiron, plaintiff’s great-grandmother, as follows:
“The property herein sold having been inherited by the vendors herein from Caroline Doiron, deceased.” (Defendant Exhibit No. 13)
Plaintiffs contend that the plea of ten years acquisitive prescription is without merit, for the reason that defendant’s ancestor in title, Schwing Lumber and Shingle Company, Inc. (named in the act of sale as “Schwing Lumber and Shingle Company, Ltd.”), lacked the requisite good faith so as to support such plea. As the basis for this contention, plaintiffs state that Mrs. Marceline Doiron was the widow of their father who died prior to the act of sale in question and who had remarried. Plaintiffs contend that the vendee in the act of sale in question, Schwing Lumber and Shingle Company, Inc. (Ltd.), knew of the existence of Mrs. Marceline Peloux’ prior marriage to plaintiffs’ late father, Alcee Doiron, Sr., and was thus under an affirmative duty to ascertain the descent of his interest in the land.
The contention is without merit. While it is true that acquisitive prescription of ten years requires initial good faith on the part of the original purported vendee, Louisiana Civil Code Article 3479, it is also clear that good faith is always presumed in matters of prescription, and he who alleges bad faith in the possessor has the burden of proving it, Louisiana Civil Code Article 3481. Plaintiffs have failed to carry this burden of proof.
The act of sale in question, on its face, purports to be translative of title and *508 constitutes the requisite “just title” so as to support a plea of ten years acquisitive prescription, Louisiana Civil Code Article 3484. All of the vendors in the act of sale purport to be heirs of Caroline Doiron, and there is nothing on the face of the act which would reasonably have required Schwing Lumber and Shingle Company, Ltd., to question the representation that Mrs. Marceline Doiron was a blood relative of Caroline Doiron, just as Mrs. Naomi Beatrice Doiron, Mrs. Mary Doiron and Mrs. Ida Doiron represented themselves as descendants of Caroline Doiron. The deed nowhere indicates that Mrs. Marceline Doiron was married more than once or that her maiden name was anything other than “Doiron.”
The record further fails to reflect that the vendee, Schwing Lumber and Shingle Company, Ltd., obtained any title examination. The record contains evidence that defendant’s ancestor in title was in good faith at the time of this acquisition. (Record, pp. 169, 172, 173) Under these circumstances, plaintiffs have failed to carry the burden of proving actual or legal bad faith, and inasmuch as defendant and its ancestor in title were clearly in continuous and uninterrupted possession of the property for the requisite ten-year period, the plea of ten years acquisitive prescription is well-founded.
Defendant is likewise entitled to judgment in its favor and against plaintiffs on the basis of the plea of thirty years acquisitive prescription. Again, the record clearly reflects that defendant and its ancestor in title have been in continuous and uninterrupted possession of the property for a period in excess of thirty years. Plaintiffs contend, however, that thirty years acquisitive prescription had not accrued prior to the filing of the suit on June 28, 1955, for the reason that plaintiffs, Francis Davis Doiron and Alcee Doiron, Jr., did not attain majority until 1928 and 1930, respectively; and inasmuch as prescription does not commence to run against minors until they attain majority, the requisite thirty-year period did not accrue against either plaintiff.
This contention is likewise without merit. While it is true that Louisiana Civil Code Article 3522 provides that minors and persons under interdiction cannot be prescribed against, except in cases provided by law, this general provision, which appears in paragraph 6 of Section 2 of Chapter 3 of Title 23 of the Louisiana Civil Code, must yield to the more specific provision contained in Article 3478, which clearly provides that ten years acquisitive prescription does indeed run against minors.[1] Article 3478 is contained in Section 2, which is the section dealing with acquisitive prescription, and more particularly, is the first article of paragraph 1 of that section, which paragraph deals with ten years acquisitive prescription. While paragraph 2 of Section 2, which paragraph deals with thirty years acquisitive prescription, contains no specific reference to whether prescription runs against minors, paragraph 2 does contain Article 3505, which provides that all the rules established in paragraph 1, which deals with ten years acquisitive prescription, are applicable to thirty years acquisitive prescription, unless specifically contradicted by one of the seven articles contained in paragraph 2, which is not the case.[2] It is obvious, therefore, that not *509 only ten years acquisitive prescription, but also thirty years acquisitive prescription, runs against minors.
The jurisprudence cited by plaintiffs to the effect that acquisitive prescription does not run against minors includes cases antedating the amendment to Article 3478, which article was amended by Acts 1920, No. 161 (which amendment by its terms took effect on January 1, 1922), as a result of which the Legislature expressly provided that acquisitive prescription would run against minors with the proviso that the prescription would not accrue and apply until twenty-two years from the date of the birth of the minor (thus, giving the minor one year after his or her twenty-first birthday within which to seek to interrupt the running of acquisitive prescription against the minor).
The judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiffs.
Affirmed.

I. Louisiana Civil Code Article 3478 provides the following:
“Art. 3478. He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party. (As amended hy Acts 1920, No. 161; Acts 1924, No. 64)"

. Louisiana Civil Code Article 3505 reads as follows:
“Art. 3505. All the rules established in the preceding paragraph with regard to the prescription of ten years, *509 are applicable to the prescription of thirty years, except in the provisions contained in the present paragraph, which are contrary to or incompatible with them.”