Advisory Opinion to Governor—Syllabus.

ADVISORY OPINION TO GOVERNOR.

PER CURIAM.

CONSTITUTIONAL LAW—ELIGIBILITY OF MEMBER OF LEGISLATURE TO OFFICE CREATED DURING THEIR TERM OF OFFICE.    CIVIL OFFICE.

1.  Under the provisions of section 5 of Article III of the constitution no senator or member of the house of representatives is eligible for appointment or election, during the time for which he was elected, to any civil office under the constitution of this State, that has been created, or the emoluments whereof shall have been increased, during such time.   Such ineligibility continues during the entire time for which such member was elected, and such member cannot render himself eligible during such time by resigning his legislative membership.

2.  Members of a board of control · created by law who are charged with the duty of locating, and continuously and permanently controlling and managing State institutions of learning, whose terms of office are definitely fixed, with provision for removal and appointment by the Governor to fill vacancies on such board, the office being continuous and permanent, and remaining to be filled though the incumbents may die or resign, are civil officers under the constitution of this State.   The fact that there is no salary or emolument affixed to such office does not make it any the less a civil office, since salary or emolument, like an oath of office, is an incident to office merely and not a necessary element in the determination of its character.

To the Honorable N. B. Broward,
            Governor of Florida,
                        Tallahassee, Florida.

Sir:—

The court has received your communication of the 9th instant as follows:   "I have the honor to request the opinion of the Justices of the Supreme Court as to the interpretation of Section 5 of Article III of the Constitution of Florida upon a question affecting my executive powers and duties, and to ask that I be advised if, under the provision of such section of the Constitution, a Senator  or Member of the House of Representatives during the time for which he was elected, may be appointed by the Governor, a member of a Board of Control created by law during such time, whose term of office is definite, with provision for removal and appointment to fill vacancies, whose powers and duties, under the law, subject to the control and supervision of the State Board of Education, consist in part in locating, controlling and managing State institutions of learning, but who are paid only actual expenses while in the performance of prescribed duties?"

Our advisory reply to this question, so intimately affecting your executive duty of appointment, is that it necessarily involves the solution of two question, *viz*:

1st.   Is the Board of Control, whose incumbents you have to appoint, a civil office, under the  Constitution of this State, and will its incumbents when  appointed  be civil officers?

2nd.   Are members of either house of the legislature eligible to appointment as members of such Board of Control under the provisions of Section 5 of Article III of the State Constitution, such Board of Control  having been created by the legislature during the current terms of its members?

To the first of these questions our answer is, that from the duties mentioned in your communication as devolving upon such Board of Control, *viz*: Locating, and continuously and permanently controlling and managing State institutions of learning, subject to the supervision of the State Board of Education, and whose terms of office are definitely fixed, with provision for removal and appointment to fill vacancies on such board, the members of such Board of Control will under our constitution, when appointed, be civil officers of the State. State *ex rel.* Clyatt v. Hocker, 39 Fla. 477, 22 South. Rep. 721, and cases cited therein, and see the copious annotations to the same case in 63 Am. St. Rep. 174.

The duties to be performed by such board are important and essentially governmental in character. The office is continuous and permanent, and remains to be filled though the incumbents may die or resign. The fact that there is no salary or emolument affixed to such office does not make it any the less a civil office, since salary or emolument, like an oath of office, is an *incident* to office merely and not a necessary element in the determination of its character. 6 Words and Phrases Judicially Defined, p. 4924 et seq. and citations; People of N. C. *ex rel.* Welker v. Bledsoe, 68 N. C. 457; McCormick v. Thatcher, 8 Utah 294, 30 Pac. Rep. 1091, S. C. 17 L. R. A. 243, and notes.

Section 5 of Article III of our Constitution provides as follows: "No Senator or member of the house of representatives shall, during the time for which he was elected, be appointed or elected to any civil office under the constitution of this State, that has been created, or the emoluments whereof shall have been increased, during such time." The purpose of this provision of the organic law was to put it beyond the power of the legislative branch

of the government to create official positions to be filled by its members, thereby removing the temptation of an improvident or unwise creation of offices not expressly provided for by the constitution. Under its provisions we think that it is clear that no member of either house of the legislature is eligible to the incumbency of any civil office of this State that is created during any part of the time for which such member was elected, and that such ineligibility continues during the entire time for which such member was elected, and that such member can not render himself eligible during such time by resigning his legislative membership. Our opinion is that you as Governor can not constitutionally appoint any member of either house of the present legislative branch of the government to membership on such Board of Control, since the constitution clearly forbids their being appointed to any such civil office created during the time for which they were elected as members of such legislature. State *ex rel.* Childs v. Sutton, 63 Minn. 147, 65 N. W. Rep. 262, S. C. 30 L. R. A. 630.

Respectfully yours,

· THOMAS M. SHACKLEFORD,
Chief Justice,

R. F. TAYLOR, Justice,
R. S. COCKRELL, Justice,
W. A. HOCKER, Justice,
J. B. WHITFIED, Justice,
CHARLES B. PARKHILL, Justice.