ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed September 19, 1927.

STATE OF FLORIDA

EXECUTIVE DEPARTMENT

Tallahassee, September 16, 1927.

To the Hon. W. H. Ellis, Chief Justice, and
the Honorable Justices of the Supreme Court
of Florida.

My Dear Sirs:

Section 13 of Art. IV of the Constitution of the State of Florida provides that the Governor may, at any time, require the opinion of the Justices of the Supreme Court as to the interpretation of any portion of this Constitution upon any question affecting the Governor's powers and

duties, and that the Justices shall render such opinion in writing.

At the last session of the Legislature, the following Acts were duly enacted and are now statutes of this State, to-wit:

"An Act Creating the Office of Commissioner of Motor Vehicles, Providing for his Appointment, Prescribing his Duties and Powers, and Fixing his Compensation." Approved May 26th, 1927.

Also:

"An Act to Provide for the Appointment of Three Special Prosecuting Attorneys for the State at Large, to be known as 'SPECIAL ASSISTANTS TO THE ATTORNEY GENERAL,' to fix their Compensation, Provide for Their Powers, Duties, Privileges and Obligations." Approved June 3, 1927.

According to the terms and provisions of the foregoing statutes, I, as Governor of the State of Florida, will be required to appoint a State Motor Vehicle Commissioner for a term of four years as provided for in the first mentioned Act, and also three Special Assistants to the Attorney General for a period of four years, as provided for in the last mentioned and entitled Act.

Section 5 of Article III of the Constitution of Florida provides as follows:

"No Senator or Member of the House of Representatives shall, during the time for which he was elected, be appointed or elected to any civil office under the Constitution of this State, that has been created, or the emoluments whereof shall have been increased during such time."

Accordingly, as provided by Section 13 of Article IV of the Constitution of Florida above referred to, I have the

honor to request the written opinion of the Justices of the Supreme Court giving me an interpretation of Section 5 of Article IV of the Constitution in the following particulars which affect my executive powers and duties in making appointments under the foregoing, and other Acts passed by the 1927 session of the Legislature, namely:

(1) What is a civil office under the Constitution of this State, within the meaning and intent of Section 5 of Article III of the Constitution of Florida, in so far as the same is a limitation upon the executive power of the Governor to make appointments under the authority vested in him by the Constitution of this State?

(2) Whether Section 5 of Article III of the Constitution above referred to is a limitation upon my executive power to appoint a Senator or Member of the House of Representatives who served during the 1927 session of the Legislature, to be State Motor Vehicle Commissioner or to be a Special Assistant to the Attorney General, under the Acts of the Legislature whose titles are set forth in the second paragraph of this communication.

(3) Whether the resignation of a Senator or Member of the House of Representatives prior to appointment, would authorize me to appoint such Senator or Member of the House of Representatives to be either State Motor Vehicle Commissioner or a Special Assistant to the Attorney General, if such positions are held to be within the limitation prescribed upon my appointing power by Section 5 of Article III of the Constitution of this State.

Respectfully submitted,

JOHN W. MARTIN,
Governor of Florida.

## SUPREME COURT OF FLORIDA

Tallahassee, September 19, 1927.

The Honorable John W. Martin,
Governor of Florida.

Sir:

.We have considered your inquiry of September 16th, 1927, as to whether Section 5 of Article III of the Constitution is a limitation upon the executive power of the Governor to appoint a Senator or Member of the House of Representatives who was a member of the Legislature of Florida of 1927, to be a State Motor Vehicle Commissioner under Chapter 11901, Acts of 1927, or to be a Special Assistant to the Attorney General under Chapter 11820, Acts of 1927; and if a limitation is so imposed, whether the resignation of a Senator or Member of the House of Representatives prior to appointment, would authorize the Governor to appoint such Senator or Member of the House of Representatives to be either State Motor Vehicle Commissioner or a Special Assistant to the Attorney General.

In an advisory opinion to the Governor rendered at the January term, 1905, upon a consideration of the provisions of Section 5, Article III, of the Constitution, it is stated: "We think it is clear that no member of either House of the Legislature is eligible to the incumbency of any civil office of this State that is created during any part of the time for which such member was elected, and that such ineligibility continues during the entire time for which such member was elected, and that such member can not render himself eligible during such time by resigning his legislative membership." 49 Fla. 269-272, 39 South. Rep. 63.

Chapter 11901 provides: "That there is hereby created the office of State Motor Vehicle Commissioner, who shall be appointed by the Governor for a term of four years and who shall receive as his compensation the sum of Four Thousand Five Hundred Dollars per annum, payable monthly, on his own requisition, as the salaries of other State officers are paid." * * * "For faithful performance of his duties hereunder, said Motor Vehicle Commissioner shall be required to take and subscribe to the oath of office prescribed by the Constitution of the State of Florida to be taken by all State officers and to make and file an approved surety company bond in the sum of Two Hundred Thousand Dollars payable to the Governor of Florida and his successors in office, conditioned upon the faithful performance of his duties and the strict accounting for and paying over to the State Treasury all sums of money coming into his hands by virtue of his office or under color thereof." The Act provides that: "Said State Motor Vehicle Commissioner shall be and is hereby vested with full power and authority on behalf of the State, to such an extent as his powers and discretion shall be authorized by the provisions of this Act and subsequent Acts of the Legislature, and said Motor Vehicle Commissioner shall administer and carry out all laws of the State of Florida relating to the registration or re-registration of motor vehicles, the issuance and cancellation of title certificates," &c. And that "said Motor Vehicle Commissioner shall have full and complete charge of all the affairs of administering the laws of the State relative to motor vehicles as hereinbefore mentioned, and may employ such clerical assistants as may be necessary to be employed from time to time to enable him to speedily, completely and efficiently perform the duties of his office and of said laws."

These and other provisions of the statute clearly confer

upon a ''State Motor Vehicle Commissioner'' appointed under the statute, governmental authority and functions with a term of office and duties prescribed by law that continue though the encumbent may die or resign or be suspended or removed.

A State Motor Vehicle Commissioner appointed under the statute is therefore a State officer.

Chapter 11820, Acts of 1927, provides: ''There shall be three Special Prosecuting Attorneys for the State at Large, who shall be known as 'SPECIAL ASSISTANT TO THE ATTORNEY GENERAL,' who shall be appointed by the Governor, and confirmed by the Senate, who shall hold office for a period of Four Years, and who shall receive a salary of Five Thousand Dollars per annum, payable monthly in like manner as the salary of other State officers are paid. Said Special Assistants to the Attorney General shall have all the rights, powers, duties and privileges which are applicable to the Attorney General himself, and shall be empowered to institute and prosecute actions, civil and criminal, in the name of the State of Florida, to appear before grand juries and conduct examinations of witnesses before them, prepare and sign indictments returned by such grand juries in like manner and with the same power, force and effect as State Attorneys are authorized and empowered to do; Provided, That investigations, actions and proceedings by such Special Assistant to the Attorney General shall only be instituted or carried out upon direction of the Governor or with the approval of the Attorney General, such direction by the Governor or approval by the Attorney General to be evidenced by an order of the Governor to such officer.''

A Special Assistant to the Attorney General appointed under Chapter 11820, has a term of office and governmen-

tal functions and authority that are prescribed by law and continue though the incumbent may die or resign or be suspended or removed.

It is therefore manifest that a "Special Assistant to the Attorney General appointed under Chapter 11820, is a State officer.

A civil office is an office, not merely military in its nature, that pertains to the exercise of the powers or authority of civil government. See 11 C. J. 797.

The office of "State Motor Vehicle Commissioner," and the office of "Special Assistant to the Attorney General," as defined by the statutes creating them, are civil officers, since they pertain to the exercise of the powers and authority of the civil government of the State.

The current terms of office of the Senators from the odd numbered Senatorial districts of the State expire on the first Tuesday after the first Monday in November, A. D. 1928. The current terms of office of Senators from the even numbered districts expire on the first Tuesday after the first Monday in November, A. D. 1930.

The terms of office of the Members of the present House of Representatives expire at the election for Members of the House of Representatives on the first Tuesday after the first Monday in November, A. D. 1928. Section 3, Article III; Sections 1 and 2, Article VII, Constitution; Chapter 10242, Acts 1925; Advisory Opinion to the Governor, 76 Fla. 417, 79 South. Rep. 874.

The mandate of Section 5, Article III of the Constitution is that no Senator or Member of the House of Representatives shall during the time for which he was elected, be appointed or elected to any civil office under the Constitution of this State that was created or the emoluments whereof shall have been increased during the time for

which such Senator or Member was elected. "During the time for which he was elected," means during the term for which a member of the Legislature is elected, as fixed by the Constitution.

The necessary result is that neither a Senator nor a Member of the House of Representatives of the Legislature of 1927, can legally be appointed a "State Motor Vehicle Commissioner" under Chapter 11901, Acts of 1927, or a "Special Assistant to the Attorney General" under Chapter 11820, Acts of 1927, during the time for which such Senator or Member was elected, even though such Senator or Member, resign as a member of the Legislature.

Very respectfully,

W. H. ELLIS, Chief Justice.
J. B. WHITFIELD.
GLENN TERRELL.
LOUIE W. STRUM.
RIVERS BUFORD.