STATE, *ex rel.* CARY D. LANDIS, Attorney General, v.
T. G. FUTCH.

165 So. 907.
Opinion Filed February 20, 1936.

J. *Irvin Walden,* for Plaintiff in Error;

R. P. *Hamlin* and *John S. Lavin,* for Defendant in Error.

PER CURIAM.—The following information in quo warranto proceedings was filed in the Circuit Court for Leon County:

"Comes now Cary D. Landis, as Attorney General of the State of Florida, for and on behalf of said State, and by authority vested in him by law, and gives the Court here to be informed and to understand and now complains that T. G. Futch is now usurping and has for the past several months usurped the office of Attorney for the State Racing Commission of the State of Florida, to-wit: since on or about July 1, 1935, functioning and attempting to function as said Attorney for the said State Racing Commission, contrary to law and against the peace and dignity of the State of Florida.

"And Petitioner further gives the court to understand that the respondent contends that he is holding and exercising the office of Attorney for the State Racing Commission by virtue of the fact that he was appointed by the State Racing Commission of the State of Florida, and the said Racing Commission got their authority from House Bill No. 1125, passed by the Florida Legislature during the session of 1935; said bill also fixed the emoluments of said office. The said T. G. Futch was a State Senator and rep-

resented the Twenty-third Senatorial District of the State of Florida during the 1935 session. He is therefore holding said office in violation of Article III, Section 5 of the Constitution of the State of Florida. "The said T. G. Futch is still holding the office of State Senator from the Twenty-third Senatorial District of the State of Florida, which is in violation of the Constitution of the State of Florida, Article III.

"Whereupon, the said Attorney General for said State, in the name and by authority thereof, prays the consideration of the Court here in the premises and due process in this behalf to T. G. Futch, to answer the said State by what warrant of authority of law he claims to exercise the office and functions of Attorney for the State Racing Commission of the State of Florida."

The process issued on the petition contains the following: "You are commanded to summons the Respondent, T. G. Futch, that he may be before this Honorable Court at Tallahassee, Florida, on December 2nd, 1935, to show cause by what authority of law he claims to exercise the Office of Attorney for the State Racing Commission of the State of Florida.

The respondent demurred to the information on the following grounds:

"*First*: The information filed herein wholly fails to state any right to the writ of quo warranto.

"*Second*: It appears from said information that the respondent is not usurping any office, franchise or liberty, the right to which may be tested by the writ of quo warranto.

"*Third*: It appears from said information that the position which the respondent is alleged to hold is not held by him in violation of Article 2 of the Constitution of the State of Florida.

"*Fourth*: It appears from said information that the respondent exercises no powers appertaining to any other branch of the Government than the legislative branch.

"*Fifth*: It appears from said information that the position which the respondent is alleged to hold is not held by him in violation of Article 3, Section 5, of the Constitution of the State of Florida.

"*Sixth*: It appears that the respondent has not been appointed or elected, nor does he hold any civil office under the Constitution of this State that has been created or the emoluments whereof were increased during such time for which he was elected a member of the Senate of the State of Florida.

"*Seventh*: It appears from said information that the respondent is duly and legally employed as, and holding the position of, attorney for the State Racing Commission of the State of Florida.

"*Eighth*: It appears from said information that the respondent is duly and legally qualified to hold the position of attorney for the State Racing Commission of the State of Florida."

The court sustained the demurrer with leave to amend. No amendment being desired, the court entered judgment for the respondent and the Attorney General took writ of error.

The information in effect alleges that the respondent has "usurped the office of attorney for the State Racing Commission of the State of Florida." The demurrer challenges the use of the writ of quo warranto and does not admit the correctness of a legal conclusion that the statutory authority for the employment of an attorney by the State Racing Commission at a stated annual salary creates a civil office or that the attorney so employed thereby becomes an officer.

If such asserted legal conclusion is not founded in law, and the stated employment of the respondent as attorney for the State Racing Commission does not make the respondent as such attorney an officer, the writ of quo warranto issued herein is not legally invoked; and even if the judgment for the respondent is not technically correct in form, it should be affirmed.

Chapter 14832, Acts of 1931, provided for a State Racing Commission. Section 1 of the Act included a provision that "The State Treasurer shall be *ex officio* Treasurer of the Commission and the Attorney General shall be its official attorney."

Such quoted provision was by Chapter 17276 amended so as to read: "The State Treasurer shall be *ex officio* Treasurer of the Commission and the Attorney General shall be its official attorney. However, the Commission may in its discretion employ an attorney at an annual compensation not to exceed Three Thousand ($3000.00) Dollars."

Section 5 of Article III of the Constitution is as follows: "No Senator or member of the House of Representatives shall during the time for which he was elected, be appointed, or elected to any civil office under the Constitution of this State that has been created, or the emoluments whereof shall have been increased during such time."

A civil office pertains to the exercise of the power or authority of civil government under the Constitution of the State. See Advisory Opinion to the Governor, 94 Fla. 620, 113 So. 913.

The pertinent provision of Section 1, Chapter 17296, Acts of 1935, is: "The commission may in its discretion employ an attorney at an annual compensation not to exceed Three Thousand ($3,000.00) Dollars." This provi-

sion does not create, or increase the emoluments of, a civil office. Statutory authority merely to employ an attorney at a stated annual salary does not create an office. The occupation of an attorney is not a civil office under the Constitution of Florida. The duties and functions of an attorney at law as such, without any duly conferred governmental functions, do not make such an attorney a civil officer under the Constitution; though he be regarded as an officer of the courts in which he practices his profession as attorney or counsel. See State, *ex rel.*, v. Hooker, Judge, 39 Fla. 477, 22 So. 721, 63 A. L. R. 174; State, *ex rel.* Holloway, v. Sheats, 78 Fla. 583, 83 So. 508; State Tax Comm. v. Harrington, 126 Md. 157, 94 Atl. 537.

Attorneys at law may by statute be given governmental authority and thereby made officers. See Chapter 11828, Acts of 1927; Advisory Opinion to the Governor, 94 Fla. 620, 113 So. 913.

The hereinabove quoted provision of Section 1, Chapter 17286, Acts of 1935, authorizing the State Racing Commission " in its discretion" to "employ an attorney," does not create an office and the attorney so appointed does not thereby become an officer.

The writ of quo warranto having been invoked on the theory that the respondent is usurping an office, when no such office exists, the judgment for the respondent should be and is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.