PER CURIAM.
Supreme Court of Florida Tallahassee
July 24, 1961
Honorable Farris Bryant
Governor, State of Florida
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of July 18, 1961, requesting our opinion upon a question affecting your executive powers and duties as authorized by Section 13, Article IV, Florida Constitution, F.S.A.
Omitting the formal parts your letter reads as follows, to wit:
“Article III, Section 5 of the Constitution of Florida provides: ‘No Senator or member of the House of representatives shall during the time for which he was elected, be appointed, or elected to any civil office under the Constitution of this State that has been created, or the emoluments whereof *2 shall have been increased during such time.’
“The 1961 regular session of the Florida Legislature enacted into law Chapter 61-231, amending the laws creating the Board of Conservation and one of the powers and duties granted unto the Board was that it ‘may employ a director of the board of conservation and set his compensation. The director shall possess such qualifications as the board may prescribe, and he shall serve at the pleasure of the board.’ The duties of the director are clearly outlined and delineated in Chapter 61-231 above referred to.
“In accordance with the provision of the aforesaid law, the Board of Conservation at its regular meeting on June 20, 1961, employed as its director the Honorable W. Randolph Hodges, who was a member of the Senate in the 1961 regular session of the Florida Legislature creating such a position.
“A question has arisen as to whether the employment of the Honorable W. Randolph Hodges was as a clerical or administrative employee of the Board of Conservation with his duties and functions being derived from the power and authority of the officers who employ him, or whether he is a civil officer under the laws of Florida making such employment contrary to Article III, Section 5.
“In the performance of my constitutional powers and duties, I respectfully request that you advise me as to whether I should treat the position above referred to as a civil office under the Constitution, to be filled by me by executive appointment, or shall I deem the position to be an administrative position proper to be filled by the Board of Conservation outside the scope of my executive power and, if so, whether employment of a member of the State Senate in such a capacity is contrary to Article III, Section S, of the Constitution of the State of Florida.”
Implicit in your inquiry is the involvement of your executive responsibilities to “take care that the laws be faithfully executed”, Section 6, Article IV, Florida Constitution; your responsibility to fill vacancies in office, Section 7, Article IV, Florida Constitution, and also your executive responsibility to countersign warrants for legitimate expenditures, such as salaries of duly selected employees; Section 24, Article IV, Florida Constitution. In re Advisory Opinion to Governor Shorltz, 114 Fla. 520, 154 So. 154; In re Opinion of the Justices, 120 Fla. 734, 163 So. 78.
Our answer to your inquiry requires a decision as to whether the Director of the Board of Conservation, provided for by Chapter 61-231, Laws of Florida, 1961, is an administrative employee or a State officer. If the position can be classified as an employment then there is no constitutional impediment against Senator Hodges holding this position while simultaneously serving as a member of the State Senate. On the other hand, if the position must be categorized as that of a State officer, then Section 5, Article III, Florida Constitution would have to be taken into consideration if it also be concluded that the “office” was “created” by Act of the 1961 Legislature. Chapter 61-231, supra, is in effect an amendment of Chapter 370, Florida Statutes, F.S.A., and various other statutes. Furthermore, if the position is that of a State officer, Section 27, Article III, Florida Constitution, would also intervene because under that section all State officers must either be elected by the people or appointed by the Governor. Chapter 61-231, supra, authorizes the employment of the Director by the Board of Conservation.
We have carefully examined the provisions of Chapter 61-231, supra, to ascertain the nature of the duties to be performed by the Director. It is noted that the Board “may employ a director” and fix his compensa *3 tion. He must possess the qualifications prescribed by the Board and serve at the pleasure of the Board. Our consideration of the various functions to be performed by the Director leads us to the conclusion that the position is one of employment, rather than one within the category of a State Officer. Although, admittedly, there are one or two incidental functions which suggest that the Director is a State officer, we have the view that such responsibilities are not of major importance in relation to the overall duties imposed by the statute and authorized to be imposed by the Board upon this employee. We have been persuaded to reach this conclusion by prior decisions of this Court in State ex rel. Landis v. Futch, 122 Fla. 837, 165 So. 907; Schott v. Lynch, Fla., 57 So.2d 656; State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508. See also Opinion of the Attorney General, No. 058-116, rendered April 3, 1958. A helpful discussion of the distinction between “public office” and “public employment” will be found in an article by Dr. H. O. Waldby, entitled, The Public Officer — Public Employee Distinction in Florida, Volume IX, University of Florida Law Review, page 47.
In view of the conclusion which we have reached, you are advised that the position involved is that of an employee rather than that of a public officer. You are, therefore, authorized to countersign salary warrants payable to the occupant of the position and you have no executive responsibility in regard to the position either under Section 27, Article III, or Section 7, Article IV, Florida Constitution.
Respectfully,
B. K. ROBERTS,
Chief Justice,
ELWYN THOMAS,
T. FRANK HOBSON,
CAMPBELL THORNAL,
STEPHEN C. O’CONNELL,
Justices.