QUESTIONS: 1. Is the general counsel for the Department of Business Regulation authorized, under the Florida Statutes, to represent employees and/or former employees of the state in a federal civil rights lawsuit brought against such employees and/or former employees personally, as opposed to actions brought against such employees and/or former employees in their representative capacities and if so, does the state thereby obligate itself to satisfy any judgment which may be entered against the employees and/or former employees? 2. In light of s. 20.11, F.S., may the general counsel, Department of Business Regulation, represent the Division of Beverage in civil judicial lawsuits and in administrative hearings? 3. Does s. 112.071, F.S., provide a precedent or parallel that must be followed regarding the time in which a director of a division of the Department of Business Regulation must be confirmed by the Board of Business Regulation?
SUMMARY: The general counsel for the Department of Business Regulation may represent a department employee against suits when it is factually determined that the employee acted in discharge of his official duties, in good faith, in the discharge of a duty imposed or authorized by law, and in a matter in which the state has an interest. Pursuant to s. 20.11, F.S., the general counsel for the Department of Business Regulation may not represent the state, the board, the department, or any division in litigation and administrative hearings unless authorized by the Department of Legal Affairs. Section 112.071, F.S., does not apply to an appointment of a division director of the Department of Business Regulation. The essence of question 1 is whether the public funds used to compensate the general counsel are being used for a public purpose. In AGO 071-166 I concluded that public funds could be used to defend a public official in a defamation suit arising from official actions but only if funds were properly available and appropriated. The doctrine of sovereign immunity was discussed in AGO 072-207 where I stated that a suit against a public official for acts taken in his public capacity and presumably within his scope of authority are really actions against the state. In AGO's 073-130 and 074-192 I stated the general premise that public attorneys could be utilized to defend suits against public officials and public employees for actions when the individual has acted in good faith, in the discharge of a duty imposed or authorized by law, and in a matter in which the government has an interest. The determination of when it is proper for the general counsel to represent Department of Business Regulation employees, whether sued individually or in a representative capacity, can be made only with full knowledge of the factual circumstances and application of the above principles. The State of Florida would not be liable for a judgment unless it is within the express waiver of sovereign immunity provided in ss. 768.28-768.30, F.S. Section 20.11(3), F.S., provides that the Department of Legal Affairs shall provide all legal services for any state department unless otherwise provided by law, or a professional conflict exists: The department of legal affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law. However, the attorney general may authorize other counsel where emergency circumstances exist and shall authorize other counsel when professional conflict of interest is present. Each board, however designated, of which the attorney general is a member may retain legal services in lieu of those provided by the attorney general and the department of legal affairs. See s. 16.01, F.S., Art. IV, s. 4, State Const. In AGO 074-389 I concluded that this section charged the department with representation of state departments in both administrative hearings and litigation. I also provided a very exhaustive list of specific statutes relating to legal services for state agencies. In the Final Report to the Senate Commerce Committee Concerning Allegations Against the Division of Beverage (August, 1974), the special counsel to the committee questioned the authority of the Department of Business Regulation's general counsel to represent the State of Florida in litigation without approval from the Department of Legal Affairs: Section 20.11, Florida Statutes, creates a Department of Legal Affairs under the Attorney General and requires that he be responsible for all legal services required by any department. Actions by the general counsel, Department of Business Regulation, have not been authorized, approved, or sanctioned by the Department of Legal Affairs. It would appear that the Division of Beverage should have competent legal services readily available, particularly since the Administrative Procedures Act of 1974 will place even heavier demands on the Division. I question, however, the authority of such counsel to appear in court representing the State of Florida without the concurrence or approval of the Department of Legal Affairs (Attorney General). [Final Report at p. 202.] The committee's special counsel listed this item among "significant unfinished matters." Holland v. Watson, 14 So.2d 400 (Fla. 1943), and Watson v. Caldwell, 27 So.2d 524 (Fla. 1946), construed previous statutes and constitutional provisions to permit certain agencies to employ counsel without specific legislative authorization. The Supreme Court in both Holland and Caldwell placed great emphasis on the fact that this implied authority was found when no other intent of the Legislature was expressed: Since we find no intent on the part of the Legislature to extend the duties of the Attorney General to that of representing the Board, we are of the opinion that it may employ other counsel to represent it. (Emphasis supplied.) [(See) 14 So.2d at 203.] This absent legislative intent and statutory direction have been provided in s. 20.11, F.S., and past amendments to s. 550.011, F.S.
Section 20.11 was enacted by Ch. 69-106, Laws of Florida, as part of the Governmental Reorganization Act. Section 550.01, F.S., as amended by Ch. 17276, 1935, Laws of Florida, designated the Attorney General as the "official attorney" of the then Racing Commission [now board] but statutorily authorized the Board to retain other counsel: "[T]he Attorney General shall be its official attorney. However, the commission may in its discretion employ an attorney . . . ." See State ex rel. Landis v. Futch,165 So. 907 (Fla. 1936). This language was apparently amended by Ch. 63- 264, Laws of Florida, which deleted the authority to retain counsel other than the Attorney General: "[T]he Attorney General shall be its official attorney." This language was again amended by Ch. 69- 106, Laws of Florida, to provide: "[The] department of legal affairs shall be its legal representative." Former s. 550.01 is the present s. 550.011, F.S., which was amended by Chs. 71-98 and 73-333, Laws of Florida. The designation of the Department of Legal Affairs in s. 550.011 was deleted since it was transferred and contained in s. 20.11, F.S. The board was not granted statutory authority to retain other counsel. The suggestion that an appropriation for staff counsel permits the general counsel to appear in court on behalf of the agency and the state is incorrect and in conflict with s. 20.11, F.S. Sections 216.011(1)(j) and 217.321, F.S. An appropriation act cannot be a mechanism to provide legislation that should be enacted by general law as is contemplated by the "unless otherwise provided by law" proviso of s. 20.11(3). See State ex rel. Landis v. Futch, supra; Dickinson v. Stone, 251 So.2d 508 (Fla. 1971); In re Opinion to the Governor, 239 So.2d 1 (Fla. 1970); Art. III, s. 12, State Const. There is apparently no statute providing authority for the general counsel of the Department of Business Regulation to represent the state, that department, the board, or any division thereof in court or at administrative hearings without prior authorization or approval from the Department of Legal Affairs pursuant to s.20.11(3). Your second question is answered accordingly. The division directors of the Department of Business Regulation are appointed by the Executive Director of the Department and confirmed by the Board of Business Regulation. Section 20.16(4), F.S., as amended by Ch. 74-311, Laws of Florida. The division directors serve at the pleasure of the Executive Director. Section 112.071(1), F.S., provides three criteria which qualify the operation of the statute: (1) That the concerned office be created by the legislature or be provided for by the constitution and (2) That the senate be required to confirm the appointment and (3) That the office is to be filled by the governor, unless the constitution provides otherwise. Although the division directors are provided for by law, the appointment is not by the Governor and confirmation is not by the Senate. It fails to meet all three criteria so as to be within the purview of s. 112.071, F.S. Cf. AGO 074-102.