QUESTIONS:
1. Do the provisions of s. 5(a), Art. II, State Const., or s. 110.092(4)(a), F. S., prohibit a comptroller for a community college district from serving simultaneously as a state legislator?
2. Would said comptroller have to resign his position in order to run for the office of state legislator?
SUMMARY:
The comptroller of a community college is an employee of a community college district board of trustees; hence, the dual officeholding prohibition of s. 5(a), Art. II, State Const., does not preclude such comptroller from serving simultaneously as a state legislator, nor does such simultaneous service violate the public policy rule against holding two imcompatible offices or positions. A community college comptroller is not a state employee within the Career Service System; hence, the provisions of s. 110.092(4)(a), F. S., which restrict the political activities of state employees are inapplicable to an employee of a community college district board of trustees. Section 104.31(1), F. S., does not operate to bar such employee from running for or holding legislative office, although a rule or regulation of the State Board of Education or local community college district board of trustees may prohibit such activity. Such comptroller is not required to resign to run for the office of state legislator, because s. 99.012, F. S., includes only those persons holding offices within its terms.
AS TO QUESTION 1:
Section 5(a), Art. II, State Const., provides in pertinent part that `[n]o person shall hold at the same time more than one office under the government of the State and the counties and municipalities therein . . . .' A legislator is clearly a state officer within the purview of the foregoing constitutional provision. See In re Advisory Opinion to the Governor, 79 So. 874
(Fla. 1918). Although you note in your letter that the comptroller would serve in such capacity only when not `sitting' as a legislator, this factor is not relevant for purposes of the foregoing constitutional provision. Clearly, a legislator is an officer within the meaning of s. 5(a), Art. II, for the duration of his term of office; therefore, the important consideration is whether the position of comptroller of a community college is also an `office' or whether such position is merely `employment' which is not within the scope of the constitutional prohibition. See
AGO's 069-3, 071-209, and 074-73; and cf. Advisory Opinion to the Governor, 132 So.2d 1 (Fla. 1961). The State Constitution does not define `office' or `officers,' but, as interpreted by the Florida Supreme Court,
 The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an employment does not comprehend a delegation of any part of the sovereign authority. The term office embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. [State v. Sheats, 83 So. 508 (1919).]
Previous opinions of this office have indicated that the statutory descriptions of the respective position involved are important factors in determining whether or not such positions constitute `offices' or `employment.' See AGO 071-263, holding that an assistant state attorney is not an officer for purposes of s. 5(a), Art. II, supra; and AGO 069-5, holding that an assistant public defender is not a governmental officer. Compare: In re
Advisory Opinion to the Governor, 113 So. 913 (Fla. 1927), holding that a legislator could not be appointed to the office of State Motor Vehicle Commissioner, or to the office of `special assistant to the Attorney General,' because the statute providing for such positions clearly conferred upon the incumbents `. . . governmental authority and functions with a term of office and duties prescribed by law.'
In this regard, I find no statute which invests community college comptrollers with any official powers whatsoever. To the contrary, s. 230.759, F. S., states:
 Employment of all personnel in each community college shall be upon recommendation of the president, subject to rejection for cause by the board of trustees and subject to the rules and regulations of the state board relative to certification, tenure, leaves of absence of all types, including sabbaticals, remuneration, and such other conditions of employment as the Division of Community Colleges deems necessary and proper; and to policies of the board of trustees not inconsistent with law.
Moreover, it has been held that members of community college boards of trustees are not officers within the meaning of s. 5(a), Art. II, supra, as such persons are officers of a special district rather than of the state, county, or municipality. See AGO's 075-153 and 073-47.
Accordingly, I am of the view that the position of community college comptroller constitutes a position of employment; therefore, the simultaneous service of an individual as a comptroller of a community college and as a member of the Florida Legislature does not violate the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.
There still remains, however, the question of whether such service would violate the common law rule prohibiting the holding of incompatible positions. Disqualifying incompatibility exists under the rule when there is a conflict or clash between the two employments or positions as where
 . . . one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other. [Attorney General Opinion 070-46.]
Applying this definition to the instant inquiry, I see no singificant clash between the two respective positions which would constitute a violation of the common law. Although the Legislature in the exercise of its lawmaking powers appropriates funds to the Division of Community Colleges in the Department of Education, which funds may be used to pay the salary of the comptroller, the authority to set the comptroller's salary has been delegated to the community college district boards of trustees in accordance with regulations of the State Board of Education. See ss. 230.753(2)(a), 230.754(2)(a), 230.760, 230.752, and 230.769, F. S.See also Ch. 6A-14.247(5)(b) and (c), F.A.C.; also Ch. 6A-14.46, F.A.C., providing that `each board [of trustees] shall annually adopt . . . a salary schedule for employees of the community colleges . . . .'
As to whether the community college comptroller would violate the terms of s. 110.092, F. S., by serving as a state legislator, I believe this question must also be answered in the negative. Section 110.092(4)(a) provides, in pertinent part, that
. . . no employee in the classified service shall.
 (a) Hold, or be a candidate for, public or political office while in the employment of the state or take any active part within any period of time during which he is expected to perform services for which he receives compensation from the state. . . . (Emphasis supplied.)
The application of the foregoing statute is limited by its terms to employees within the State Career Service System. The Legislature, however, has deemed each community college district authorized by law and the Department of Education to be `an independent, separate legal entity created for the operation of a community college.' Section 230.753, F. S.
Moreover, s. 230.753(2)(a), F. S., provides that community college boards of trustees possess `all powers necessary and proper for the governance and operations of the respective community colleges.' Further, s. 230.7535, F. S., provides that `no department, bureau, division, agency, or subdivision of the state shall exercise any responsibility and authority to operate any community college of the state, except as specifically provided by law or regulations of the State Board of Education.'
In light of the foregoing statutory provisions, I am of the view that a community college comptroller is not an employee employed by a state agency within the meaning of ss. 110.042 and 216.011, F. S. Cf. AGO 076-202, wherein a similar conclusion was reached with respect to employees of district mental health boards. Accordingly, s. 110.092(4)(a), F. S., is not applicable to a community college comptroller.
Furthermore, although not raised by your letter, it should be noted that s. 104.31, F. S., the `Little Hatch Act,' which regulates the political activities of state, county, and municipal employees, would likewise be inapplicable to a community college district comptroller seeking to run for or hold the office of state legislator. Assuming arguendo that s. 104.31, supra, is applicable to employees of a community college district, s.104.31(1)(c) provides that `the provisions of this section shall not be construed so as to prevent any person from becoming a candidate for any elective office in this state.' Accordingly, a community college district comptroller may serve simultaneously as a state legislator except as may otherwise be provided by rule or regulation of the State Board of Education or of the local community college district board of trustees. Cf. Resedean v. Civil Service Bd. of City of Pensacola, 332 So.2d 150 (1 D.C.A. Fla., 1976), wherein the court upheld a municipal code provision prohibiting municipal employees from becoming candidates; Jones v. Board of Control, 131 So.2d 713 (Fla. 1961), upholding a rule promulgated by the Board of Regents which prohibited university employees from seeking election to public office.
AS TO QUESTION 2:
Section 99.012(2), F. S., provides, in pertinent part:
 No individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county or municipal, the term of which or any part thereof runs concurrently with the term of office for which he seeks to qualify without resigning from such office not less than 10 days prior to the first day of qualifying for the office he intends to seek. . . .
The Resign-To-Run Law is applicable only to public officers, and not to persons holding positions of employment; AGO 071-347. In view of the discussion set out in the answer to your first question, your second question must be answered in the negative.
Prepared by: Patricia R. Gleason Assistant Attorney General