NICHOLAS A. LANZA AND CHARLES BOTTITA, PLAIN-
TIFFS-APPELLANTS, v. JOSEPH DE MARINO, AND THE
MUNICIPAL COMMITTEE OF THE DEMOCRATIC PARTY
OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANTS-
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 16, 1978—Decided June 6, 1978.

72

Before Judges LORA, SEIDMAN and MILMED.

*Mr. Norman Robbins,* attorney for appellants.

*Messrs. Hutt, Berkow* and *Hollander,* attorneys for respondent Joseph De Marino (*Mr. Gordon Berkow* on the brief).

*Messrs. Figarotta* and *Russo,* attorneys for respondent Municipal Committee of the Democratic Party of the Township of Woodbridge (*Mr. Thomas F. Chansky* on the brief).

*Mr. Francis P. McQuade,* attorney for New Jersey Sheriff's Association.

The opinion of the court was delivered by

LORA, P. J. A. D. Plaintiffs, Democratic committeemen in the Township of Woodbridge, by complaint in lieu of prerogative writs, sought to have defendant Joseph De Marino vacate the office of Sheriff of Middlesex County by virtue of his acceptance of the office of municipal chairman of the Woodbridge Township Democratic Committee or, alternatively, to have him declared ineligible for the office of municipal chairman. Following oral argument the trial judge held that a distinction had to be drawn between a conflict of interest and a conflict of duties, and since there was no conflict of duties between the two offices held by De Marino, he entered judgment in favor of De Marino and defendant Democratic Municipal Committee.

Plaintiffs appeal, contending that (1) the statutory prohibition against a sheriff holding any other civil office embraces the office of chairman of a political party's municipal committee within its proscription, and (2) the common law prohibition against holding incompatible offices, where the nature of the duties of the two offices renders it improper from a public policy standpoint for a person to retain both, is applicable to the present circumstances to prohibit the

simultaneous holding of the offices of sheriff and municipal political party chairman.

*N. J. S. A.* 40A:9–108 provides:

No person shall hold any other civil office during the time he holds and exercises the office of sheriff and by acceptance of the latter office his former office shall be deemed vacated.

A person holding "civil office" has been defined as one appointed or elected for the purpose of exercising the functions and carrying on the operations of government. *Cedar Grove Bd. of Ed. v. State Bd. of Ed.,* 115 *N. J. L.* 67, 71 (Sup. Ct. 1935). In *Kobylarz v. Mercer,* 130 *N. J. L.* 44 (E. & A. 1942), the terms "civil office" and "public office" are used interchangeably, but they are nevertheless distinguishable in that the former includes all offices exercising governmental or sovereign power except military offices, and the latter encompasses both civil and military offices. 67 *C. J. S. Officers* § 3 at 103. For cases in other jurisdictions defining civil office in terms of the exercise of governmental or sovereign power, see *Wood v. Miller,* 154 *Ark.* 318, 322–323, 242 *S. W.* 573, 575 (Sup. Ct. 1922); *State ex rel. Landis v. Futch,* 122 *Fla.* 837, 841, 165 *So.* 907, 909 (Sup. Ct. 1936); *In re Advisory Opinion to the Governor,* 94 *Fla.* 620, 625–626, 113 *So.* 913, 915 (Sup. Ct. 1927); *State v. Spaulding,* 102 *Iowa* 639, 644–645, 72 *N. W.* 288, 289 (Sup. Ct. 1897); *State ex rel. Barney v. Hawkins,* 79 *Mont.* 506, 511, 257 *P.* 411, 413 (Sup. Ct. 1927); *State ex rel. Herbert v. Ferguson,* 142 *Ohio St.* 496, 501, 52 *N. E.* 2d 980, 983–984 (Sup. Ct. 1944).

"Public office" is defined in *N. J. S. A.* 19:1–1 as follows:

"Public office" includes any office in the government of this State or any of its political subdivisions filled at elections by the electors of the State or political subdivision.

It is thereby distinguished from an office held in a political party which is defined in the same statute as:

"Political party" means a party which, at the election held for all of the members of the General Assembly next preceding the holding of any primary election held pursuant to this Title, polled for members of the General Assembly at least 10% of the total vote cast in this State.

"Party office" means the office of delegate or alternate to the national convention of a political party or member of the State, county or municipal committees of a political party.

■■ The explicit nature of the above definitions leads us to conclude that the Legislature intended to differentiate between public and party offices and that the office of chairman of a municipal committee is not a public office in that it is not "in the government of this State or any of its political subdivisions" and is not "filled at elections by the electors of the State or political subdivision."[1] Additionally, it appears to us that if the Legislature had intended to prohibit a sheriff from holding a political office, it would have so provided in *N. J. S. A.* 40A:9–108 or as it did in the case of prosecutors in *N. J. S. A.* 2A:158–21. Moreover, as stated in *Rogers v. Republican Party State Comm.,* 96 *N. J. Super.* 265, 271 (Law Div. 1967), the governmental functions, if any, given to a political party committee or its chairman are so minimal in significance that they cannot be classified as a truly governmental entity. See also, 25 *Am. Jur.* 2d, *Elections,* § 124 at 810; 29 *C. J. S. Elections* § 85 at 188. See generally, Glasser, "A New Jersey Municipal Law Mystery: What is a Public Office," 7 *Rutg. L. Rev.* 503 (1952).

In *Opinion of the Justices,* 347 *Mass.* 797, 800, 197 *N. E.* 2d 691, 694 (Sup. Jud. Ct. 1964), it was specifically held that a public office does not include a position on a political committee:

---

[1] Members of a county committee are elected by the voters of a political party in the primary elections held in each municipality and serve also as members of the municipal committee of the political party who in turn elect the municipal chairman. *N. J. S. A.* 19:5–2, 3.

Without attempting an exhaustive definition of what constitutes a "public office," we think that it is one whose duties are in their nature public; that is, involving in their performance the exercise of some portion of the sovereign power, whether great or small, and in whose proper performance all citizens, irrespective of party, are interested, either as members of the entire body politic or of some duly-established division of it. *Brown v. Russell*, 166 *Mass.* 14, 43 *N. E.* 1005, 32 *L. R. A.* 253 \* \* \*. Manifestly, membership in a political committee belonging to one party or another does not come within the above description of what constitutes public office. The fact that the legislature has deemed it expedient to regulate by statute the election and conduct of political committees does not make the office a public one. The members of them continue to be, as before, the officers of the party which elects them, and their duties are confined to matters pertaining to the party to which they belong, and which alone is interested in their proper performance.

■ Accordingly, it is our opinion that chairman of a municipal committee is a political, and not a civil or public, office and defendant De Marino should not be barred by *N. J. S. A.* 40A:9–108 from holding both the office of sheriff and that of chairman of the municipal committee of the Democratic Party of the Township of Woodbridge.

It is plaintiffs' further contention that the common law prohibition against holding incompatible offices bars De Marino from holding both the sheriff's and chairman's positions.

Incompatibility was defined in *Reilly v. Ozzard,* 33 *N. J.* 529, 543 (1960) as follows:

Incompatibility is usually understood to mean a conflict or inconsistency in the functions of an office. It is found where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.

See also, *Schear v. Elizabeth,* 41 *N. J.* 321, 325 (1964); *Ahto v. Weaver,* 39 *N. J.* 418, 422–424 (1963); *McDonough v. Roach,* 35 *N. J.* 153, 155–157 (1961); *Jones v. MacDonald,* 33 *N. J.* 132, 136 (1960); *Kaufman v. Pannuccio,* 121 *N. J. Super.* 27, 31 (App. Div. 1972); *De Feo v. Smith,* 17 *N. J.* 183, 189 (1955).

■■ In determining whether incompatibility exists "the test is 'incompatibility in the *functions* or *duties* of office' rather than a mere possibility of a conflict of interests." *Jones v. Kolbeck*, 119 *N. J. Super.* 299, 301 (App. Div. 1972). In *Reilly v. Ozzard, supra*, 33 *N. J.* at 544–545, our Supreme Court explained the distinction between a conflict of duties and a conflict of interest in holding that the position of township attorney was not incompatible with membership in the State Senate:

> That local government has the right to seek or to oppose legislation affecting its interests is settled. *City Affairs Committee of Jersey City v. Jersey City*, 123 *N. J. L.* 180 (E. & A. 1946) ; *In re Carrick* 127 *N. J. L.* 316 (Sup. Ct. 1941). Whether a municipality is under a duty to do so is another matter, and whether that duty, if it exists, attaches to a specific office in local government, we need not inquire. It is enough to say that it is not inherently a lawyer's role and that in the present case the ordinance defining the duties of the township attorney does not impose that obligation and we know of no statute which does.

In any event, "the question of incompatibility of necessity depends upon the circumstances of the individual case." *Kobylarz v. Mercer, supra,* 130 *N. J. L.* at 47.

Plaintiffs argue that a conflict may arise between De Marino's two positions because he will have to solicit contributions, votes, jobs and "favors" as municipal chairman, and this is incompatible with his role as sheriff in which he may be called upon to enforce a violation of the election laws or arrest a member of his political party. We note plaintiffs ignore the reality that the sheriff is an elected official who necessarily has to solicit votes and contributions, and plaintiffs' argument, when analyzed, would logically prohibit a sheriff from belonging to any political party, notwithstanding one who seeks office and who does not run as an independent must to some extent, at least, align himself with some political organization.

■ Regarding plaintiffs' contention that De Marino's role as municipal chairman would be incompatible with his role

as sheriff and chief law enforcement officer in such county because of certain ministerial functions he performs for the court under the supervision and direction of the court, see e. g., In re Super. and Assign. Petit Jury in Essex Cty., 114 N. J. Super. 527 (Law Div. 1971), mod. 60 N. J. 554 (1972), it is noted that R. 1:17–1, which prohibits certain persons associated with the courts from engaging in political activity, does not include sheriffs within its prohibitions but, to the contrary, R. 1:17–2 specifically exempts sheriffs from its applicability. Furthermore, N. J. S. A. 19:3–5, which lists certain incompatible offices and which provides in pertinent part:

No person shall hold at the same time more than one of the following offices: elector of president and vice-president of the United States, member of the United States senate, member of the house of representatives of the United States, member of the senate or of the general assembly of this state, county clerk, register, surrogate or sheriff,

does not preclude a sheriff from holding a political office of any kind.

 It is our opinion that there is no conflict of duties that exists that would make the positions of chairman of the municipal committee of a political party and sheriff incompatible.

Affirmed.