Don J. Caton City Attorney Pensacola
QUESTION:
Does s. 5(a), Art. II, State Const., prohibit certain members of the appointed staff of a municipality from serving on a semiautonomous board created by city ordinance to grant building permits and issue necessary variances from local architectural and building codes?
SUMMARY:
Based on the provision of ch. 15425, 1931, Laws of Florida, as amended, the City Manager and the Chief of the Fire Department of the City of Pensacola are municipal officers; and, as such, the dual-officeholding provisions of s. 5(a), Art. II, State Const., operate to prohibit their appointment to or holding office as members of a semiautonomous board vested with the exercising a portion of the governmental or sovereign power of the city. The legislative body of the city may, however, by appropriate legislative action, designate such officers to perform ex officio the duties of the office of a member of such board, provided the additional or ex officio duties imposed on such officers are in no way inconsistent with the duties already being performed by such officers.
Based on the provisions of s. 266.107, F. S., the City Planner of the City of Pensacola, in his capacity as a member of the Architectural Review Board, the composition and powers of which are prescribed by s. 266.107, is a municipal officer and as such may not lawfully be appointed to or hold office as a member of a semiautonomous board vested with and exercising a portion of the governmental or sovereign power of the city. However, the legislative body of the city may by appropriate legislative action designate such officer to perform ex officio the duties of the office of a member of such semiautonomous board, provided the additional duties imposed on such officer are in no way inconsistent with the duties already being performed by such officer.
Inasmuch as the composition of the Architectural Review Board is established by paragraph (2)(a) of s. 266.107, F. S., the terms of office of its members are fixed by paragraph (2)(b), and its powers are prescribed by paragraphs (2)(c) and (d), the governing body of the City of Pensacola possesses no authority to abolish the board or to divert any of its powers to another body or alter or divest it of any of its statutorily prescribed functions or powers.
Based upon excerpts from the city's code of ordinances and supplemental information supplied to this office, the Inspection Superintendent (denominated in the code as `building official') of the City of Pensacola is a municipal officer and as such may not lawfully be appointed to or hold office as a member of a semiautonomous board vested with and exercising a portion of the governmental or sovereign power of the city. As with the several officers of the city above named and subject to the same conditions, the city inspection superintendent may be designated to perform ex officio the duties of such semiautonomous board.
Based upon the supplemental information and materials supplied to this office, the City Engineer of the City of Pensacola is an employee of the city and as such may be lawfully appointed for a fixed term to membership on a semiautonomous board which is vested with and exercises a portion of the governmental or sovereign power of the city. The dual-officeholding provisions of s. 5(a), Art. II, State Const., do not apply to or operate on employments.
You state in your letter that the City of Pensacola has created a Palafox Place Redevelopment Area. I assume that this area is a historical district created and established pursuant to ss. 266.106(9) and 266.107(1), F. S. You state that presently there exist three separate boards which review private redevelopment plans for construction within the Palafox Place Redevelopment Area (or historical district) to ensure that local building or architectural code requirements are met and to grant or deny variances when requested by local developers. Among these three boards is the Architectural Review Board, which is established under, and has its composition and powers prescribed by, ch. 67-303, Laws of Florida, as amended, and codified as s. 266.107, F. S. You state that it is the city's desire to create by ordinance a `super permitting board' which would fulfill the responsibilities of the three existing boards. For the purposes of this opinion, I assume that the proposed permitting board will be vested with and exercise a portion of the governmental or sovereign power of the city in relation to a historical district duly established pursuant to part II of ch. 266, F. S. The proposed board would be composed of the city manager, city engineer, city planner, city inspection superintendent, and city fire marshal. Against the factual background, you inquire whether the membership of the aforementioned city staff people on the proposed board would violate the dual-officeholding prohibition of s. 5(a), Art. II, State Const.
It must be noted at the outset that the provisions of any subsistent special law or municipal charter enacted or adopted prior to July 1, 1973, pertaining to matters prescribed by the charter relating to appointive boards may not be changed except upon approval by referendum of the electors, as provided in s.166.031, F. S. Furthermore, the provisions of ch. 67-303, Laws of Florida, as amended, codified as part II of ch. 266, F. S., pertaining to the Historic Pensacola Preservation Board of Trustees of the Department of State and the aforementioned Architectural Review Board established pursuant to s. 266.107, are not subject to s. 166.021(4) and (5), F. S., and the latter do not apply to or operate on the general law or either of such boards. While s. 266.107 authorizes the governing body of the city to `name an architectural review board'; to prescribe the procedure for review of building plans of any building which is to be erected, renovated, or razed and is located or to be located within historical districts established by the governing body of the city, including rules and governing decisions of the Architectural Review Board, and the procedure for appeal from decisions of the board; and to adopt other regulations necessary to effect the purposes of s. 266.106(9), the composition of the Architectural Review Board is established by paragraph (2)(a) of s. 266.107, the terms of office of its members are fixed by paragraph (2)(b), and the board's powers are prescribed by paragraphs (2)(c) and (d). Thus, the governing body of the city possesses no authority to abolish the Architectural Review Board or to divert any of its powers to another body or alter or divest it of any of its statutorily prescribed functions or powers. This advisory opinion and all conclusions and views hereinafter expressed, and any future action taken by the city based upon anything said in the following opinion, are subject to and circumscribed or limited by the foregoing considerations and factual statements and assumptions.
Section 166.021(4), F. S., contains no limitations (except as may be inherent in `matters prescribed by the [ante 1973] charter relating to appointive boards'), in connection with appointive municipal officers or the duties and powers of such officers. Cf. s. 166.031(5), F. S., which empowers municipalities to abolish municipal departments provided for in the municipal charter. Therefore, the governing or legislative body of the City of Pensacola, pursuant to s. 166.021(1) and (4) and s. 2(b), Art. VIII, State Const., has the power to create and abolish municipal offices and to prescribe the duties, powers, and responsibilities of such offices. For the purposes of s. 5(a), Art. II, State Const., such appointive municipal officers are forbidden to hold at the same time more than one office under the government of the municipality. Such appointive officers derive their municipal governmental or sovereign powers from and exercise such powers pursuant to the duly enacted ordinances of the city (unless otherwise expressly provided or prohibited by law). Cf. s.166.041(1)(a), F. S., referring to an ordinance as `an official legislative action . . . enforceable as a local law.' Section 5(a), Art. II, does not require that municipal offices be established or the governmental duties, powers, and responsibilities of the same be conferred, defined, or prescribed by statute; and the limitations prescribed by s. 5(c) of Art. II do not apply to municipal officers.
Section 5(a), Art. II, supra, prohibits a person from simultaneously holding `more than one office under the government of the state and the counties and municipalities therein . . . .' Although the term `office' has not been constitutionally defined, the Florida Supreme Court has stated:
 The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . . The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. [State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919).]
The threshold question is whether the city staff members in question are `officers' of the city for the purposes of s. 5(a), Art. II. Employments are not within the purview of s. 5(a), Art. II. See AGO's 069-2 and 069-3; cf. In re Advisory Opinion to the Governor, 132 So.2d 1 (Fla. 1961).
The city manager is clearly an officer. He is the chief administrative officer of the city, and his powers and duties are as provided in ss. 14-19 of ch. 15425, 1931, Laws of Florida, as amended. Insofar as these provisions, powers, and duties may affect the form of government of the city or the distribution of powers among the elected officers, they may not be changed by ordinance without approval by referendum of the electors. Section166.021(4), F. S. Section 18 of ch. 15425, among other things, requires the city manager to `perform such other duties as may be . . . required of him by ordinance or resolution of the council.' If the enabling legislation for the `super permitting board,' assuming its validity, by appropriate language places an additional or ex officio duty and responsibility on the city manager to serve as a member of the new board, then the city manager may be a member of and perform ex officio the duties of the office of a member of the new `super permitting board,' provided such additional duties are in no way inconsistent with his duties as city manager. Such legislative designation of local officers by the legislative body of the city to perform ex officio the functions of another or second municipal office does not violate the dual-officeholding prohibition of s. 5(a), Art. II, State Const. See AGO 80-12, citing State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State v. Gordon, 189 So. 437
(Fla. 1939); and Amos v. Mathews, 126 So. 308 (Fla. 1930); cf. AGO 074-50. If no such ex officio designation is properly made, the city manager's membership on the `super permitting board' would probably violate s. 5(a), Art. II.
The city fire marshal is not, as you have suggested, a state employee or officer. Prior to the effective date of ch. 80-215, October 1, 1980, his duties under ch. 633, F. S., were given to him as an ex officio agent of the State Fire Marshal, see s.633.121. Chapter 80-215 deleted the provisions for ex officio agents of the State Fire Marshal and authorized the chiefs of municipal fire departments, and other fire department personnel designated by the chief, to enforce the fire prevention and control law and all rules prescribed by the State Fire Marshal within their respective jurisdictions. However, such personnel, acting under the authority of s. 633.121, are deemed to be agents of their respective jurisdictions and not agents of the State Fire Marshal. Section 26(B) of ch. 15425, 1931, Laws of Florida, establishes the department of public safety and the division of fire of the city, provides that the fire force shall be composed of a chief and other designated personnel, and vests the immediate direction and control of the fire department and other governmental or sovereign power in the chief of the city fire department. Section 22 of ch. 15425 provides for the distribution of the work of each department of the city among divisions and specifies that `there shall be a single officer in charge of each division.' (Emphasis supplied.) The city fire chief would appear to be an officer of the city. Therefore, the city fire chief may not be appointed to or hold another office under the government of the city. However, the imposition of additional or ex officio duties and responsibilities upon the fire chief by the legislative body of the city or the legislative designation of such officer to perform ex officio the duties of the office of a member of such `super permitting board' would not be violative of s. 5(a), Art. II, State Const., provided that the additional duties imposed are in no way inconsistent with the municipal duties already being performed by such officer. See AGO's 080-12 and 074-50 and authorities cited therein.
The city planner, in his capacity as a member of the Architectural Review Board, appears to be an officer of the municipality and could not hold another office under the government of the city. Under s. 266.107, F. S., the city planner is appointed to the Architectural Review Board for a fixed term of office, and there is no apt language designating such appointment as ex officio. As a member of such board, the city planner exercises the governmental or sovereign powers delineated in s. 266.107(2)(c) and (d). Therefore, the city planner, as a member of the Architectural Review Board, may not be appointed to or hold another office under the government of the city. The city's legislative body may, however, by appropriate legislative action designate such officer to perform ex officio the duties of a member of the `super permitting board,' provided that the additional duties and responsibilities imposed do not conflict with the municipal duties already being performed by such officer.See AGO's 074-50 and 080-12. No other law or ordinance relating to the position of city planner having been drawn to my attention, I am unable to reach any conclusion otherwise as to the status of such position as an office or an employment. I do note that the job description material supplementing your inquiry refers to the planner as an employee and, generally, describes ministerial and advisory functions and duties for this position. As hereinabove noted, employments are not within the purview of s. 5(a), Art. II, State Const.
There does not appear to be any statutory investment of governmental or sovereign power in or on the city engineer; in the absence of any ordinance granting such power or imposing duties of a sovereign nature on the city engineer, he is probably an employee, not an officer, and, as an employee, could be directly appointed (unless otherwise prohibited by charter or statute) to the proposed board for a fixed term without violating s. 5(a), Art. II, State Const., which does not apply to or operate on employments. I note that the job description for the city engineer, which supplements your letter of inquiry, refers to the engineer as an employee and states, among other things, that the engineer acts as chief engineer for the planning board. Such job description or classification does not operate to effectively and legally vest in, grant to, or impose on the city engineer any powers or duties of a sovereign nature or operate to constitute such position as an office. If the city engineer is in fact and law an officer by virtue of the provisions of some subsistent statute or ordinance which has not been drawn to my attention, then, by appropriate legislative action, such officer may be designated to perform ex officio the duties of the office of a member of the `super permitting board,' as hereinabove discussed in relation to the city planner and subject to the same limitations. While s. 61 of ch. 15425, supra, provides that `[t]he city engineer shall serve as chief engineer of the city planning board and [has the] duty to make recommendations,' it does not prescribe any governmental powers or duties, and I am unable to determine therefrom the status of this position as an office or employment. Such language could be construed to provide for the placing of an additional or ex officio duty on the city engineer, if such position is in fact an office. See AGO 080-12.
From the supplemental information and excerpts from the city's code of ordinances you have furnished me, it appears that the city inspection superintendent described in your supplemental letter and the building official denominated in the extracts from the code of ordinances are one and the same position in the government of the city. The code not only refers to this position or official as an `office' but the excerpts therefrom, as well as your supplemental letter, also describe, prescribe, and vest in this official governmental or sovereign powers and duties. The city inspection superintendent/building official therefore, would appear to be an officer of the city. Such being the case, such officer could not hold another office under the government of the city. However, as hereinbefore discussed with respect to the other affected officials, the city's legislative body may, by appropriate legislative action, designate the city inspection superintendent/building official to perform ex officio the duties of the office of a member of the `super permitting board,' provided that the additional duties and responsibilities imposed are in no way inconsistent with the duties already being performed by such official. See AGO 080-12.
Prepared by: Bill Hall, Assistant Attorney General