The Honorable Lawton Chiles
Governor, State of Florida
The Capitol
Tallahassee, Florida 32399-0001
Dear Governor Chiles:
We acknowledge receipt of your communication of August 10, 1993, requesting our opinion concerning your executive powers and duties to appoint members of a community college’s board of trustees.[1] Omitting the formal parts, your letter reads as follows:
By letter dated April 16, 1993,1 requested an advisory opinion of the Court on a question that affects my authority to suspend an officer from public office. That question, in great measure, turns on the issue of whether a school board member is a district officer.
A somewhat related issue has arisen regarding my appointment power, which turns on the issue of whether a member of the board of trustees of a community college is a district officer or a state officer. Therefore, pursuant to Article IV, Section 1(e) of the Constitution of the State of Florida, I have the honor to request your written opinion concerning my executive powers and duties under Article IV, Section 1(f) of the Florida Constitution. This Court has previously determined that such a request is within the purview of Article IV, Section 1(c) of the Constitution of the State of Florida by responding to similar requests. See, e.g., Advisory Opinion to the Governor, [146 Fla. 622,] 1 So.2d 636 (Fla.1941); In re Advisory Opinion to Governor, [153 Fla. 650,] 15 So.2d 765 (Fla. 1943); and In re Advisory Opinion to the Governor, 132 So.2d 1 (Fla.1961).
The dual office holding provisions of the state constitution prohibit a state, county or municipal officer from holding another state, county or municipal office. Art. II, Section 5(a), Fla. Const. The Attorney General has opined that a member of a community college board of trustees is a district officer and therefore is not subject to the prohibition against dual office holding. OpAtt’y Gen.Fla. 80-16 (1980); Op. Att’y Gen.Fla. 75-153. However, the Florida Senate is of the view that a community college board member is a state officer. In light of its conclusion, the Senate has refused to confirm appointments by my predecessors of community college board members who are already municipal, county or state officers.
I feel confident that if the office is determined to be a district office, then the dual office holding prohibitions would not apply. The records of the 1968 Constitutional Revision Commission indicate that district officers were intentionally excluded from the constitutional prohibition against dual officer [sic] holding. The Commission proposed Amendment 40 to replace Article 16, Section 15 of the 1885 Constitution, which related solely to dual office holding on the part of state officers. The Commission’s purpose was to extend the prohibition to other officers. At one point in its deliberations, the Commission adopted an amendment that prohibited dual office holding by state, county, district or municipal officers. Upon reconsideration, the word “district” was stricken.
Several public officers, both municipal and state, have expressed their interest in serving on a community college board of trustees. I am unsure whether these offi *1057 cers are eligible for appointment. I therefore have the honor to request your written opinion as to:
Whether a member of a community college board of trustees is a district officer or a state officer for purposes of my appointment authority pursuant to Article IV, Section 1(f) of the Constitution of the State of Florida.
The question of whether a member of a community college board of trustees is a district officer or a state officer is critical because article II, section 5(a) of the Florida Constitution[2] prohibits a state, county, or municipal officer from simultaneously holding another state, county, or municipal office. We conclude that a member of a community college board of trustees is a district officer, so the dual office-holding prohibition of article II, section 5(a) does not prevent a state, county, or municipal officer from serving on a board.
The Legislature has established boards of trustees to operate the state’s community colleges. §§ 240.313, 240.319, Fla.Stat. (1993). The Governor appoints trustees, subject to the approval of four members of the state Board of Education and confirmation by the Senate. § 240.313(3), Fla.Stat. (1993). In the past, governors have appointed state, county, or municipal officers to serve on boards of trustees.
The Attorney General has issued opinions concluding that state, county, or municipal officers can serve on a community college’s board of trustees because they are district officers who are not subject to the dual office-holding prohibition of article II, section 5(a). Despite these opinions, the Senate has maintained that board members are state officers. The Senate has thus concluded that allowing state, county, or municipal officers to serve on a community college’s board of trustees would constitute dual office-holding in violation of article II, section 5(a).
We find the reasoning of the Attorney General opinions persuasive and reject the Senate’s position. See, e.g., Op.Att’y Gen. Fla. 80-16 (1980); Op.Att’y Gen.Fla. 75-153 (1975); Op.Att’y Gen.Fla. 73-47 (1973).
In opinion 75-153 the Attorney General responded to a request from a state representative to determine whether the dual office-holding provision of article II, section 5(a) prevented him from serving as a member of the board of trustees of community college district. The Attorney General found no problem because a member of community college district’s board of trustees is an officer of a special district created to perform a special governmental function. Op.Att’y Gen.Fla. 75-153 (1975).[3] The Attorney General pointed out in opinion 69-49 that this Court has distinguished state and county offices from those held under special districts created by the Legislature. See, e.g., Town of Palm Beach v. City of W. Palm Beach, 55 So.2d 566, 569 (Fla.1951) (officers of a city’s special sanitary district “are neither state nor county officers. They are district officers _”). The Attorney General thus concluded that a trustee is not a state, municipal, or county officer within the meaning of article II, section 5(a).
In opinion 75-153 the Attorney General also relied on a prior opinion which concluded that a junior college trustee is not a state, municipal, or county officer within the purview of article II, section 5(a). See Op.Att’y Gen.Fla. 73-47 (1973). The Attorney General determined that a community college district is similar to the junior college district discussed in opinion 73-47 because both kinds of districts are independent, separate legal entities created to operate a community or junior college. Op.Att’y Gen.Fla. 75-153 (1975). In addition, the Florida Statutes use *1058 “junior college” and “community college” interchangeably. § 240.303, Fla.Stat. (1993). Therefore, simultaneous service on the community college board and in the Legislature does not violate the dual office-holding prohibition in article II, section 5(a). Op.Att’y Gen.Fla. 75-153 (1975).
In opinion 80-16 the Attorney General considered whether a 1979 amendment to section 240.317 changed the analysis on which opinion 75-153 was grounded. The amendment provided that:
It is the legislative intent that any community colleges, constituted as political subdivisions of the state, continue to be operated by district boards of trustees ... and that no department, bureau, division, agency, or subdivision of the state shall exercise any responsibility and authority to operate any community college of the state except as specifically provided by law or rules of the State Board of Education.
(Emphasis added.) The Attorney General concluded that the phrase “constituted as political subdivisions of the state” did not change the fact that statutes continue to provide that community colleges are districts and the governing board is a district board. Op-Att’y Gen.Fla. 80-16 (1980). In addition, the 1979 amendment did not change the nature of the community colleges’ boards of trustees because it did not convert the boards of trustees into state, county, or municipal agencies. Id. The Attorney General also noted that section 1.01(9), Florida Statutes (1979), provides that the term “political subdivisions” includes “all other districts in this state.” Id. Therefore, the Attorney General concluded, the basis for opinion 75-153 did not change and there is no prohibition on dual office-holding.
We find that the Attorney General correctly classified members of a community college’s board of trustees as district officers. In addition to the rationale of the Attorney General opinions discussed above, we also note that the Legislature, through its statutes, apparently considers trustees to be district officers. See § 240.313(1), Fla.Stat. (1993) (“Each community college district authorized by law and the Department of Education is an independent, separate, legal entity created for the operation of a community college.”) (emphasis added); § 240.317 (“It is the legislative intent that community colleges, constituted as political subdivisions of the state, continue to be operated by district boards of trustees-”) (emphasis added).
You raise related issues in your brief of separation of powers[4] and Florida’s resign-to-run law.[5] Because these issues are not directly raised in your request for an. advisory opinion, we decline to address them.
In conclusion, we answer your inquiry by finding that a member of a community college board of trustees is a district officer for purposes of the Governor’s appointment authority pursuant to article IV, section 1(f) of the Florida Constitution. A board member is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees.
/s/ Rosemary Barkett Rosemary Barkett Chief Justice
/s/ Ben F. Overton Ben F. Overton Justice
/s/ Parker Lee McDonald Parker Lee McDonald Justice
/s/ Leander J. Shaw Leander J. Shaw Justice
/s/ Stephen H. Grimes Stephen H. Grimes Justice
*1059 /s/ Gerald Kogan Gerald Kogan Justice
/s/ Major E. Harding Major B. Harding Justice

. We have jurisdiction pursuant to article IV, section 1(c) of the Florida Constitution.

. Article II, section 5(a) says in relevant part: "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein....”

. The Attorney General relied on section 230.-753(1), Florida Statutes (1973), to find that a community college district was an independent, separate legal entity created to operate a community college. That statute has been amended and is now found at section 240.313(1), Florida Statutes (1993). Section 240.313(1) and former section 230.753(1) are identical. The statute says: "Each community college district authorized by law and the Department of Education is an independent, separate, legal entity created for the operation of a community college.”

. Article II, section 3 of the Florida Constitution says:
The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.

. § 99.012(3)(a), Fla.Stat. (1993).