Mr. Carl M. Kuttler, Jr., President St. Petersburg Junior College Post Office Box 13489 St. Petersburg, Florida 33733-2389
Dear Mr. Kuttler:
On behalf of the Board of Trustees of the St. Petersburg Junior College, you ask substantially the following question:
Are revenues derived from an ad valorem tax imposed by a community college district, as authorized by special act of the Legislature, included in the term "state revenues" for purposes of Article VII, section 1(e), Florida Constitution?
In sum:
Revenues derived from an ad valorem tax imposed by a community college district, as authorized by special act of the Legislature, would not appear to be included in the term "state revenues" for purposes of Article VII, section 1(e), Florida Constitution. However, if the Legislature adopts legislation implementing Article VII, section 1(e), and specifies whether such revenues of community colleges would constitute "state revenues" for purposes of the state revenue limitation, such legislation would be controlling.
During the November 1994 general election, the voters approved an amendment to the State Constitution imposing a state revenue limitation. Article VII, section 1(e), Florida Constitution, provides in pertinent part:
Except as provided herein, state revenues collected for any fiscal year shall be limited to state revenues allowed under this subsection for the prior fiscal year plus an adjustment for growth.[1] As used in this subsection, "growth" means an amount equal to the average annual rate of growth in Florida personal income over the most recent twenty quarters times the state revenues allowed under this subsection for the prior fiscal year. For the 1995-1996 fiscal year, the state revenues allowed under this subsection for the prior fiscal year shall equal the state revenues collected for the 1994-1995 fiscal year. . . . However, "state revenues" does not include: . . . taxes, licenses, fees, and charges for services imposed by local, regional, or school district governing bodies. . . . An adjustment to the revenue limitation shall be made by general law to reflect the fiscal impact of transfers of responsibility for the funding of governmental functions between the state and other levels of government. The legislature shall, by general law, prescribe procedures necessary to administer this subsection.
The above constitutional amendment thus places a limitation on the revenues coming to the state, not on revenues expended by the state.
Part III, Chapter 240, Florida Statutes, creates the community college system in Florida. The system is made up of community college districts that are political subdivisions of the state,[2]
functioning as independent separate legal entities.[3] This office has stated that community college districts are independent special districts.[4] The Supreme Court of Florida, in a 1994 advisory opinion to the Governor,[5] concluded that a member of a community college board of trustees
is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a) [Florida Constitution]. Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees.
While community colleges have not generally been granted ad valorem taxing power, the Legislature has previously authorized the exercise of such power by community college districts.[6]
Accordingly, it appears that the St. Petersburg Junior College could be authorized to levy an ad valorem tax.
Article VII, section 1(e), Florida Constitution, exempts from the definition of "state revenues" taxes imposed by local governing bodies. An ad valorem tax imposed by the St. Petersburg Junior College, an independent special district that is a political subdivision of the state, would, therefore, appear to be exempt. Such a conclusion is supported by Article VII, section 1(a), Florida Statutes, which prohibits the state from imposing ad valorem taxes.[7]
Article VII, section 1(e), Florida Constitution, provides that an adjustment to the revenue limitation shall be made by general law to reflect the fiscal impact of transfers of responsibility for the funding of governmental functions between the state and other levels of government. While state funds have been available for capital outlay projects of community colleges, this office is not aware of a requirement that state funds be used or that in all instances state funds have been used to fund community college outlay projects. Therefore, I cannot conclude that the use of an ad valorem tax by the junior college for capital outlay projects constitutes a transfer of responsibility of governmental functions between the state and the community college.
Accordingly, I am of the opinion that revenues derived from an ad valorem tax imposed by a community college district, as authorized by special act of the Legislature, would not be included in the term "state revenues" for purposes of Article VII, section 1(e), Florida Constitution. It should be noted, however, that the Legislature may adopt legislation to implement Article VII, section 1(e), and specify whether revenues of community colleges would constitute "state revenues" for purposes of the state revenue limitation. Such legislation would be controlling.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The amendment provides that any revenue collected in excess of the cap would be placed in the budget stabilization fund. When the fund reaches the maximum balance specified in Article III, section19(g), Florida Constitution, any future excess would be returned to the taxpayers as provided by general law. The amendment, however, does authorize the Legislature to exceed the cap when authorized in a separate bill that contains no other subject and sets forth the dollar amount and is approved by twothirds vote of the membership of each house.
[2] See, s. 240.317, Fla. Stat. (1993).
[3] See, s. 240.313(1), Fla. Stat. (1993).
[4] See, e.g., Ops. Att'y Gen. Fla. 75-153 (1975) and 89-75 (1989).
[5] In re Advisory Opinion to the Governor, 630 So.2d 1055, 1058
(Fla. 1994).
[6] See, Ch. 78-469, Laws of Florida, authorizing the Board of Trustees of the St. Petersburg Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenues to fund nonrecurring operating capital outlay expenditures; Ch. 79-538, Laws of Florida, authorizing the Board of Trustees of the Palm Beach Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenue to fund nonrecurring operating capital outlay expenditures; and 87-419, Laws of Florida, again authorizing the Board of Trustees of the Palm Beach Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenue to fund fixed capital outlay expenditures.
[7] See, Art. VII, s. 1(a), Fla. Const., stating that "[n]o state ad valorem taxes shall be levied upon real estate or tangible personal property."