Mr. Anthony A. Garganese Cocoa City Attorney Post Office Box 1807 Cocoa, Florida 32923-1807
Dear Mr. Garganese:
You ask substantially the following questions:
1. Does section 163.367(3), Florida Statutes, or Article II, section 5(a), Florida Constitution, prevent a city council from appointing a commissioner of a county housing authority, created pursuant to section 421.27, Florida Statutes, to a city community redevelopment agency?
2. Does an officer or director of a not-for-profit corporation constitute a person "engaged in business" under section163.356(3)(b), Florida Statutes, and, if so, does the corporation engaged in business have to maintain an office located "within the area of operation of the agency"?
In sum:
1. Neither section 163.367(3), Florida Statutes, nor Article II, section 5(a), Florida Constitution, prevents a city council from appointing a commissioner of a county housing authority, created pursuant to section 421.27, Florida Statutes, to a city community redevelopment agency.
2. An officer or director of a not-for-profit corporation may constitute a person "engaged in business" as that term is defined in section 163.356(3)(b), Florida Statutes, if the not-for-profit corporation is performing services for compensation within the area of the community redevelopment agency's operation. While the statute does not specify that maintenance of an office within the agency's area of operation is required, maintenance of such an office by a corporation clearly would constitute evidence of the corporation's presence within the area.
Question One
Part III, Chapter 163, Florida Statutes, the Community Redevelopment Act of 1969, provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of slums and blighted areas.[1] Upon finding a necessity and need for an agency to carry out the purposes set forth in the act, a county or municipality may create a body corporate and politic to be known as a "community redevelopment agency."[2] A board of commissioners consisting of not fewer than five or more than seven commissioners, who are appointed by the governing body of the county or municipality, serves as the governing body of the agency.[3]
Section 163.367(3), Florida Statutes, provides:
"No commissioner or other officer of any community redevelopment agency, board, or commission exercising powers pursuant to this part shall hold any other public office under the county or municipality other than his or her commissionership or office with respect to such community redevelopment agency, board, or commission." (e.s.)
This office in Attorney General Opinion 98-36 stated that the above statute precludes a commissioner of a community redevelopment agency from holding another public office with a city or county, regardless of whether the governing body of the city or the county created the agency. You, therefore, ask whether membership on the county housing authority constitutes a public office under the county.
Section 421.27(1), Florida Statutes, provides in part:
"In each county of the state there is hereby created a public body corporate and politic to be known as the "housing authority" of the county; provided, however, that such housing authority shall not transact any business or exercise its powers hereunder until or unless the governing body of such county, by proper resolution shall declare at any time hereafter that there is need for a housing authority to function in and for such county. . . ."
As this office noted in Attorney General 77-92, it is the Legislature that has created the housing authority as a public or public quasi-corporation. The Legislature, however, has permitted the counties through their boards of county commissioners to decide whether or not they wish to activate the functioning of a housing authority within the confines of the county.
While the powers and duties of county and municipal housing authorities are similar, it is the Governor, not the local government, who appoints the commissioners of a county housing authority. Upon notification of the adoption of such resolution, the Governor is responsible for appointing the commissioners of the housing authority, who must be qualified electors of the county.[4] Further, it is the Governor who has the authority to suspend and remove such commissioners "in the same manner and for the same reasons as other officers appointed by the Governor."[5]
Moreover, as this office stated in Attorney General 77-92, a county housing authority is a distinct and independent entity created by the Legislature; thus, only the Legislature may dissolve or terminate the existence of a county housing authority. Once the board of county commissioners has adopted a resolution declaring the need for a housing authority to function in the county, the repeal of such a resolution and/or the adoption of a new resolution by the board declaring that there is no longer a need for the housing authority to function in the county will not operate to dissolve or terminate or suspend the functioning of the county housing authority.
The Official List of Special Districts prepared by the Department of Community Affairs lists county housing authorities created pursuant to section 421.27, Florida Statutes, as independent special districts.[6] Thus, membership on a county housing authority created pursuant to section 421.27, Florida Statutes, would appear to be an office of a special district rather than of the county.
Similarly, Article II, section 5(a), Florida Constitution, would not appear to preclude a county housing authority member from serving on a city community redevelopment agency. While the 1968 Constitution broadened the language of the dual officeholding prohibition to include municipal as well as state and county offices, it does not refer to special districts.
The courts and this office, therefore, have concluded that the dual officeholding prohibition does not apply to the officers of an independent special district.[7] In 1994, the Supreme Court of Florida reiterated that special district officers are not included within the dual officeholding prohibition. In Advisory Opinion tothe Governor — Dual Office-Holding,[8] the Court concluded that a member of a community college district board of trustees
"is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
Accordingly, I am of the opinion that neither section 163.367(3), Florida Statutes, nor Article II, section 5(a), Florida Constitution, prevents a city council from appointing a commissioner of a county housing authority, created pursuant to section 421.27, Florida Statutes, to a city community redevelopment agency.
Question Two
Section 163.356(3)(b), Florida Statutes, provides:
"The powers of a community redevelopment agency shall be exercised by the commissioners thereof. A majority of the commissioners constitutes a quorum for the purpose of conducting business and exercising the powers of the agency and for all other purposes. . . . Any person may be appointed as commissioner if he or she resides or is engaged in business, which means owning a business,practicing a profession, or performing a service for compensation,or serving as an officer or director of a corporation or otherbusiness entity so engaged, within the area of operation of the agency, which shall be coterminous with the area of operation of the county or municipality, and is otherwise eligible for such appointment under this part." (e.s.)
The above statute thus requires that a commissioner either be a resident or be engaged in business within the area of operation of the agency. The term "engaged in business" is defined by the statute to mean owning a business, practicing a profession, or performing a service for compensation, or serving as an officer or director of a corporation or business that is so engaged.
There is nothing in Chapter 617, Florida Statutes, that prohibits a not-for-profit corporation from receiving compensation for services provided. In fact, many not-for-profit corporations, such as not-for-profit hospitals, are compensated for the services they provide. Chapter 617, Florida Statutes, however, prohibits any such income or profit being distributed to its members, directors or officers.[9] As you note in your letter, had the Legislature sought to exclude officers of not-for-profit corporations, it easily could have so provided. The right to hold public office is one of the most valuable rights of citizenship and should not be prohibited or curtailed except by plain provision of law.[10]
Accordingly, I am of the view that an officer of a not-for- profit corporation that is compensated for services it provides may constitute a person "engaged in business" as that term is used in section 163.356(3)(b), Florida Statutes.
Section 163.356(3)(b), Florida Statutes, also requires that the corporation be engaged in business within the area of operation of the community redevelopment agency. You ask whether this requires the corporation to have an office within that area. Clearly the statute contemplates a substantial permanent presence in the area. Thus, the provision of services for compensation by a not-for-profit corporation within the geographic area of operation of the community redevelopment agency must be ongoing and not merely illusory.
While the statute does not specify that the corporation must maintain an office within the agency's area of operation, maintenance of such an office clearly would constitute evidence of the corporation's presence within the area. As the court recognized in Isern v. City of West Miami,[11] a permanent presence of a business also could be established by a warehouse or storage facility or other related facility involved in the operation of the business, as well as offices. The determination, however, as to whether a particular not-for-corporation is in fact engaged in business within the community redevelopment agency's area of operation presents mixed questions of law and fact that this office cannot resolve.
Accordingly, I am of the opinion that an officer or director of a not-for-profit corporation may constitute a person "engaged in business" as that term is defined in section 163.356(3)(b), Florida Statutes, if the not-for-profit corporation is performing services for compensation within the area of the community redevelopment agency's operation. While the statute does not specify that maintenance of an office within the agency's area of operation is required, maintenance of such an office by a corporation clearly would constitute evidence of the corporation's presence within the area.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 163.355, Fla. Stat.
[2] Section 163.356(1), Fla. Stat. And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[3] Section 163.356(2), Fla. Stat.
[4] Section 421.27(2), Fla. Stat.
[5] Id. Compare, s. 421.07, Fla. Stat., which provides for the removal of a city housing authority member for inefficiency or neglect of duty or misconduct in office by the mayor with the concurrence of the governing body.
[6] See, s. 189.4035(1), Fla. Stat., stating that the Department of Community Affairs shall compile the official list of special districts, which list shall include all special districts in this state and shall indicate the independent or dependent status of each district. And see, the 1998-1999 Official List of Special Districts, Florida Department of Community Affairs, October 1, 1998, p. 13, listing the Housing Authority of Brevard County as an independent special district.
[7] For examples where the Attorney General's Office has stated that there was no violation of the dual officeholding prohibition when the state, county, or municipal officer also served as an officer of a special district, see, Attorney General Opinions 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual officeholding prohibition), 73-47 (1973) (member of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees), 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees); 85-24 (1985) (mayor may serve on a community redevelopment district established by general law); 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority), 94-83 (1994) (person may serve on airport authority and on school board); 96-84 (1996) (city commissioner may also serve on area housing commission).
[8] 630 So.2d 1055, 1058 (Fla. 1994).
[9] See, s. 617.01401(5), Fla. Stat., defining "Corporation not for profit" to mean "a corporation no part of the income or profit of which is distributable to its members, directors, or officers."And see, s. 617.0505(1), Fla. Stat., stating that a dividend may not be paid, and any part of the income or profit of a not-for-profit corporation may not be distributed, to its members, directors, or officers.
[10] See, Ervin v. Collins, 85 So.2d 852 (Fla. 1956); State exrel. Fraser v. Gay, 158 Fla. 465, 28 So.2d 901 (1947); State exrel. West v. Gray, 70 So.2d 471 (Fla. 1954).
[11] 244 So.2d 420, 423 (Fla. 1971).