Chief Chad Jorgensen Bayshore Fire Protection and Rescue Service District 17350 Nalle Road North Fort Myers, Florida 33917
Dear Chief Jorgensen:
You ask substantially the following question:
May you serve as chief of the Bayshore Fire Protection and Rescue Service District and as a firefighter/ emergency medical technician with the Iona McGregor Fire Protection and Rescue Service District without violating the constitutional prohibition against dual officeholding?
In sum:
You may serve as chief of the Bayshore Fire Protection and Rescue Service District and as a firefighter/ emergency medical technician with the Iona McGregor Fire Protection and Rescue Service District without violating the constitutional prohibition against dual officeholding.
Article II, section 5(a), Florida Constitution, provides in part "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities[.]" Thus, this constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities. This prohibition applies to both elected and appointed offices, and it is not necessary that the two offices be within the same governmental unit.[1]
The Constitution, however, does not define the term "office"for purposes of the dual officeholding prohibition. The Supreme Court of Florida has generally stated that the term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office while an "employment" does not comprehend a delegation of any part of the sovereign power.[2] This office in Attorney General Opinion 69-02 distinguished between offices and employments, stating that Article II, section 5(a), Florida Constitution, does not include those persons who are mere employees and who are not invested with official powers and duties in their own right, although they may exercise such powers and duties as the agent of an officer.
It is, therefore, the nature of the powers and duties of a particular position that determines whether one is an officer or an employee. Section633.121, Florida Statutes, authorizes the chiefs of county, municipal and special district fire departments, as well as other fire department personnel designated by their respective chiefs, to enforce the laws relating to fire prevention and control and rules prescribed by the State Fire Marshal. Such personnel, however, acting under the authority of section 633.121 are deemed to be agents of their respective jurisdictions, and not agents of the State Fire Marshal.[3]
This office has previously stated that the fire chief of a municipal fire department is an officer for purposes of Article II, section 5(a), Florida Constitution. In Attorney General Opinion 80-97, this office stated that the chief of the fire department who was vested with the immediate direction and control of the fire department and other governmental or sovereign power was an officer for purposes of the dual officeholding prohibition. In Attorney General Opinion 93-39, however, this office concluded that firefighters who were responsible for general firefighting, fire prevention, rescue and emergency medical services work did not constitute "officers" for purposes of Article II, section 5(a), Florida Constitution.
In the instant inquiry, however, it is unnecessary to determine whether the positions in question are officers or employees. The constitutional dual officeholding prohibition refers only to state, county, and municipal offices; it does not refer to special district offices.[4]
Thus, the courts and this office have concluded that the dual officeholding prohibition does not apply to the officers of an independent special district.[5] In 1994, the Supreme Court of Florida reiterated that special district officers are not included within the dual officeholding prohibition. In Advisory Opinion to the Governor —Dual Office-Holding,[6] the Court concluded that a member of a community college district board of trustees "is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual officeholding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
The Bayshore Fire Protection and Rescue Service District and the Iona-McGregor Fire Protection and Rescue Service District operate as independent special districts.[7] Thus, the provisions of Article II, section 5(a), Florida Constitution, are inapplicable to the positions of fire chief of the Bayshore Fire Protection and Rescue Service District and firefighter/emergency medical technician of the Iona-McGregor Fire Protection and Rescue Service District.
Accordingly, I am of the opinion that Article II, section (5)(a), Florida Constitution, does not prohibit you from simultaneously serving as fire chief of the Bayshore Fire Protection and Rescue Service District and as a firefighter/emergency medical technician of the Iona-McGregor Fire Protection and Rescue Service District.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Op. Att'y Gen. Fla. 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919);State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Cf., s. 633.14, Fla. Stat., granting agents of the State Fire Marshal the authority to serve summonses, make arrests, carry firearms and make searches and seizures, as the sheriff or his deputies, in the respective counties where such investigations, hearings or inspections may be held. Chiefs of fire departments were formerly declared by s.633.121, Fla. Stat., to be ex officio agents of the State Fire Marshal; such provision, however, was deleted in 1980 when the section was rewritten to provide that the chiefs, as well as their designated personnel, were agents of their respective jurisdiction.
[4] While the 1968 Constitution broadened the language of the dual officeholding prohibition to include municipal as well as state and county offices, it does not refer to special districts.
[5] See, e.g., Ops. Att'y Gen. Fla. 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual officeholding prohibition); 73-47 (1973) (trustee of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees); 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees); 85-24 (1985) (mayor may serve on a community redevelopment district established by general law); 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority); 94-83 (1994) (person may serve on airport authority and on school board); 96-84 (1996) (city commissioner may also serve on area housing commission).
[6] 630 So.2d 1055, 1058 (Fla. 1994).
[7] See, Ch. 76-414, Laws of Florida, establishing the Bayshore Fire Protection and Rescue Service District, and Ch. 75-421, Laws of Florida, establishing the Iona-McGregor Fire Protection and Rescue Service District. The districts are listed on the Official List of Special Districts as independent special districts by the Department of Community Affairs: http:www.dca.state.fl.us/fhcd/programs/sdip/ See, s. 189.4035(1), Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.