Mr. David Donzella Pembroke Pines City Pension Fund for Police Officers Firefighters Post Office Box 841009 Pembroke Pines, Florida 33084-2906
Dear Mr. Donzella:
You ask substantially the following question:
"May an elected trustee of the board of trustees of a city pension fund for police officers and firefighters also serve on the board of commissioners of the Central Broward Water Control District without violating the constitutional dual officeholding prohibition?"
In sum:
"An elected trustee of the board of trustees of a city pension fund for police officers and firefighters may also serve on the board of commissioners of the Central Broward Water Control District without violating the constitutional dual officeholding prohibition."
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[1] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . ."[2] Thus, in determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon that position by statute, charter or ordinance.
This office has previously stated that membership on a board of trustees empowered to administer a pension fund constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[3] The constitutional dual officeholding prohibition, however, refers only to state, county, and municipal offices; it does not refer to special district offices.[4] The courts and this office have therefore concluded that the dual officeholding prohibition does not apply to the officers of an independent special district.[5] In Advisory Opinion tothe Governor — Dual Office-Holding,[6] the Supreme Court of Florida reiterated that special district officers are not included within the dual officeholding prohibition, concluding that a member of a community college district board of trustees
"is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual officeholding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
The Central Broward Water Control District operates as an independent special district.[7] Thus, the provisions of Article II, section 5(a), Florida Constitution, are inapplicable to offices of the district.
Accordingly, I am of the opinion that a member of a city pension fund board of trustees for police officers and firefighters may simultaneously serve on the Board of Commissioners of the Central Broward Water Control District without violating the dual officeholding prohibition of ArticleII, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] See, State ex rel. Holloway v. Sheats 83 So. 508, 509 (Fla. 1919).
[3] See, Ops. Att'y Gen. Fla. 94-98 (1994), 90-45 (1990), and 86-106 (1986).
[4] While the 1968 Constitution broadened the language of the dual officeholding prohibition to include municipal as well as state and county offices, it does not refer to special districts.
[5] See, e.g., Ops. Att'y Gen. Fla. 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual officeholding prohibition); 73-47 (1973) (trustee of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees); 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees); 85-24 (1985) (mayor may serve on a community redevelopment district established by general law); 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority); 94-83 (1994) (person may serve on airport authority and on school board); 96-84 (1996) (city commissioner may also serve on area housing commission).
[6] 630 So.2d 1055, 1058 (Fla. 1994).
[7] See, Ch. 98-501, Laws of Florida, and the title to the act stating the act codifies the charter of the district, "an independent special district." The district is listed on the Official List of Special Districts as an independent special district by the Department of Community Affairs. See, s. 189.4035(1), Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.