Mr. John C. Rayson Second Floor 2400 East Oakland Park Boulevard Fort Lauderdale, Florida 33306
Dear Mr. Rayson:
On behalf of the Board of Commissioners of the Central Broward Water Control District, you ask the following question:
May a member of the Board of Commissioners of the Central Broward Water Control District simultaneously hold the office of city commissioner without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A member of the Board of Commissioners of the Central Broward Water Control District may simultaneously hold the office of city commissioner without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[1] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[2] Thus, in determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon that position by statute, charter or ordinance.
The constitutional dual officeholding prohibition, however, refers only to state, county, and municipal offices; it does not refer to special district offices.[3] The courts and this office have therefore concluded that the dual officeholding prohibition does not apply to the officers of an independent special district.[4] In Advisory Opinion tothe Governor — Dual Office-Holding,[5] the Supreme Court of Florida reiterated that special district officers are not included within the dual officeholding prohibition. The Court concluded that a member of a community college district board of trustees "is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
This office has previously considered the applicability of the constitutional dual officeholding prohibition to commissioners of the Central Broward Water Control District. In Attorney General Opinion 01-14, this office recognized that the Central Broward Water Control District operates as an independent special district.[6] Thus, this office concluded that the provisions of Article II, section 5(a), Florida Constitution, were inapplicable to offices of the district.
Similarly, in Attorney General Opinion 02-49, this office was asked whether an elected member of the board of trustees of a city pension fund for police officers and firefighters may also serve on the board of commissioners of the Central Broward Water Control District without violating the constitutional dual officeholding prohibition. In light of the status of the Central Broward Water Control District as an independent special district, this office concluded that an elected member of the board of trustees of a city pension fund for police officers and firefighters could also serve on the water control district's board of commissioners.
I am not aware of, nor have you brought to my attention, any provision of law changing the status of the Central Broward Water Control District as an independent special district.[7] Accordingly, I am of the opinion that a member of the Board of Commissioners of the Central Broward Water Control District may simultaneously hold the office of city commissioner without violating the dual officeholding prohibition of Article II, section 5(a), Florida Constitution.
Sincerely,
Richard E. Doran Attorney General
RED/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] While the 1968 Constitution broadened the language of the dual office holding prohibition to include municipal as well as state and county offices, it does not refer to special districts.
[4] See, e.g., Ops. Att'y Gen. Fla. 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual office holding prohibition); 73-47 (1973) (trustee of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees); 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees); 85-24 (1985) (mayor may serve on a community redevelopment district established by general law); 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority); 94-83 (1994) (person may serve on airport authority and on school board); 96-84 (1996) (city commissioner may also serve on area housing commission).
[5] 630 So.2d 1055, 1058 (Fla. 1994).
[6] See, Ch. 98-501, Laws of Florida, and the title to the act stating the act codifies the charter of the district, "an independent special district." The district is listed on the Official List of Special Districts as an independent special district by the Department of Community Affairs. See, s. 189.4035(1), Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.
[7] The district is still listed as an independent special district on the Official List of Special Districts maintained by the Department of Community Affairs. See,http:www.floridaspecialdistricts.org/OfficialList/downloads.htm.