858 So.2d 1199 (2003)
Dr. Patricia CALDWELL, Appellant,
v.
BOARD OF TRUSTEES BROWARD COMMUNITY COLLEGE, Appellee.
No. 4D02-3995.
District Court of Appeal of Florida, Fourth District.
November 12, 2003.
*1200 Marjorie J. Binder of Watterson & Hyland, P.A., Palm Beach Gardens, for appellant.
Gina E. Caruso of Hinshaw & Culbertson, Fort Lauderdale, for appellee.
GROSS. J.
Patricia Caldwell appeals the dismissal of her whistle-blower complaint by the Florida Commission on Human Relations, which determined that it lacked the jurisdiction to investigate it. We affirm, holding that the College's board of trustees was not a "state agency" within the meaning of the applicable statutes.
Caldwell was the provost of Broward Community College. Her employment was terminated for cause on August 15, 2002. Five days later she filed a complaint with the Commission alleging that her termination violated the Whistle-blower's Act, sections 112.XXXX-XXXXX, Florida Statutes (2002). The Commission determined that it did not have jurisdiction to investigate her complaint, because the College was not a "state agency" within the meaning of section 216.001, Florida Statutes (2002).
The Commission's jurisdiction to investigate whistle-blower complaints is circumscribed by section 112.31895(1)(a). That section allows an employee of "a state agency, as defined in s. 216.011," to file a complaint with the Commission. This limitation is reflected in section 112.3187(8)(a) which indicates that the remedy for a whistle-blower violation available to an employee of a state agency, "as the term `state agency' is defined in s. 216.011," begins with the filing of a complaint with the Commission. See § 112.3189(1) (setting investigative procedures upon the disclosure of "information as described in s. 112.3187(5)" by an employee, former employee, or prospective employee of "a state agency as the term `state agency' is defined in s. 216.011").
The Whistle-blower's Act thus utilizes section 216.011 to define the term "state agency" for the purpose of delineating the scope of the Commission's jurisdiction. The pertinent part of section 216.011(1)(qq) defines "state agency" as "any official, officer, commission, board, authority, council, committee, or department of the executive branch of state government." (Emphasis added). Under this definition, only if the College were deemed to be a part of the executive branch of government, would the commission have had jurisdiction to investigate Caldwell's whistle-blower complaint.
We hold that the board of trustees of the College is not a board of "the executive branch of state government" within the meaning of section 216.011(1)(qq), so it is not a "state agency" under section 112.31895(1)(a).
At the time the Commission declined jurisdiction in this case, sections *1201 240.301-384,[1] Florida Statutes (2001) governed the community college system. The legislature has declared that each community college district is "an independent, separate, legal entity created for the operation of a community college." § 240.313(1), Fla. Stat. (2001) (current version at § 1004.65(2), Fla. Stat. (2002)). A community college is a political subdivision of the state that is operated by that college's board of trustees. See § 240.317, Fla. Stat. (2001) (current version at § 1004.67, Fla. Stat. (2002)). Under the statutory scheme, a "member of [a] community college district's board of trustees is an officer of a special district created to perform a special governmental function." In re Advisory Opinion, 630 So.2d 1055, 1057 (Fla.1994).
Emphasizing the separation between the executive branch and a community college's board of trustees, section 240.317 described
the legislative intent that community colleges, constituted as political subdivisions of the state, continue to be operated by district boards of trustees as provided in s. 240.315[2] and that no department, bureau, division, agency, or subdivision of the state exercise any responsibility and authority to operate any community college of the state except as specifically provided by law or rules of the State Board of Education and State Board of Community Colleges.
§ 240.317, Fla. Stat. (2001) (emphasis added) (current version at § 1004.67, Fla. Stat. (2002)); see Op. Att'y Gen. Fla. 97-82 (1997) (noting that community colleges are political subdivisions of the state and a member of the board of trustees is a district officer, not a state officer).
We agree with the reasoning of those Attorney General Opinions finding that Florida's public community colleges operated under Chapter 240 are not part of the executive branch of state government. See Op. Att'y Gen. Fla. 71-175 (1971); see also Op. Att'y Gen. Fla. 74-303 (1974); cf. Op. Att'y Gen. Fla. 84-68 (1984) (finding that vocational schools and schools operated as part of a district school system are not part of the executive branch and therefore are not state agencies). The status of community colleges as political subdivisions
does not serve to dissolve or terminate the existing community college districts or change the nature of such entities or their governing boards of trustees. Neither does it convert those districts into state agencies in the sense that the districts or their governing boards become part of the Executive Branch of state government or the officers of such districts become state officers.
Op. Att'y Gen. Fla. 80-16 (1980); see also In re Advisory Opinion, 630 So.2d at 1058.
For these reasons, the Commission correctly determined that it did not have jurisdiction to investigate Caldwell's complaint.
The exclusion of the College from the definition of a state agency under section 216.011 is not inconsistent with the definition *1202 of "agency" in section 112.3187(3)(a) which includes a "community college." The section 112.3187(3)(a) definition of "agency" identifies those agencies that are subject to the prohibitions contained in section 112.3187 of the Whistle-blower's Act; that definition is broader than the section 216.011 definition of "state agency," which determines whether the Commission is authorized to investigate complaints under section 112.31895(1)(a).
AFFIRMED.
FARMER, C.J., and TAYLOR, J., concur.
NOTES
[1] Effective January 7, 2003, Chapter 2002-387, Laws of Florida repealed sections 240.301 through 240.385 and created sections 1001.61 through 1001.65, Florida Statutes (2002) to govern community colleges. We find nothing in the newly created sections that changes the analysis of this opinion.
[2] "Each community college district board of trustees is constituted a body corporate by the name of `The District Board of Trustees of (name of community college), Florida.' In all suits against a board, service of process shall be made on the chair of the board or, in the absence of the chair, on another member of the board." § 240.315, Fla. Stat. (2001).