Dear Mr. Sasso:
As vice chairman of the Building Code Administrators and Inspectors Board, you ask substantially the following question:
May a building code administrator or inspector also serve as a commissioner for the Pasco County Mosquito Control District?
Section 5(a), Article II, Florida Constitution, provides:
"No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This constitutional prohibition precludes an individual from simultaneously holding more than one "office" under the government of the state, counties, and municipalities.[1] It applies to both elected and appointed offices[2] and it is not necessary that the two offices be within the same governmental unit.
The Constitution does not provide a definition for the terms "office" or "officer" for purposes of the dual office-holding prohibition, nor has the Legislature attempted to clarify the parameters of the prohibition's application. Absent such clarification, the courts and this office have referenced early Supreme Court of Florida decisions to determine what constitutes an "office" as opposed to an "employment." The Supreme Court of Florida has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . ."[3]
Thus, it is the powers and duties of a particular position that determine whether it is an "office" or an "employment" for purposes of the dual office-holding prohibition.
This office has issued numerous opinions addressing when a position may be considered an "office." Reviewing the particular powers of a position and the language of the statute, charter or ordinance creating the position has led to the conclusion that a city building official, a code enforcement board member, a board of adjustment member, and a member of a municipal building board of appeals were "offices" for purposes of Article II, section 5(a), Florida Constitution.[4]
In the instant inquiry, however, it is unnecessary to determine whether the positions in question are officers or employees. As noted above, the constitutional dual office-holding prohibition refers only to state, county, and municipal offices; it does not refer to special district offices. Thus, the courts and this office have concluded that the dual office-holding prohibition does not apply to the officers of an independent special district.[5] In 1994, the Supreme Court of Florida reiterated that special district officers are not included within the dual office-holding prohibition. In Advisory Opinion to the Governor— Dual Office-Holding,[6] the Court concluded that a member of a community college district board of trustees "is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a)."
Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees.
The Pasco County Mosquito Control District operates as an independent special district.[7] Thus, the provisions of Article II, section 5(a), Florida Constitution, are inapplicable to the position of commissioner for the district.
Accordingly, I am of the opinion that Article II, section (5)(a), Florida Constitution, does not prohibit you from simultaneously serving as a building code administrator or inspector and as a commissioner for the Pasco County Mosquito Control District.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] Earlier State Constitutions contained limited prohibitions against dual office-holding. See, e.g., Art. VI, s. 18, Fla. Const. (1838); Art.VI, s. 14, Fla. Const. (1861); and Art. VI, s. 14, Fla. Const. (1865). Article II, section 5(a), of the 1968 Constitution substantially reproducing Art. XVI, s. 15 of the 1885 Constitution except that the current provision was expanded to include municipal officers. Court decisions under the 1885 Constitution had excluded such officers from its coverage. See, e.g., Attorney General ex rel. Wilkins v.Connors, 9 So. 7, 8 (Fla. 1891).
[2] See Blackburn v. Brorein, 70 So. 2d 293, 296 (Fla. 1954), noting that "election by the people or appointment by the Governor is not the true test in determining whether . . . an office exists and the individual filling the position is an officer [rather than] an employee"; Ops. Att'y Gen. Fla. 94-66 (1994), 80-97 (1980), and 69-2 (1969).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).And see State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] See Ops. Att'y Gen. Fla. 04-07 (2004) (building official), 81-61 (1981) (code enforcement board member), 84-25 (1984) and 06-13 (2006) (board of adjustment member), and 86-105 (1986) (member of a municipal building board of appeals).
[5] See, e.g., Ops. Att'y Gen. Fla. 02-22 (2002) (fire chief of fire protection and rescue service district not an officer for dual office-holding purposes), 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual office-holding prohibition), 73-47 (1973) (trustee of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees), 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees), 85-24 (1985) (mayor may serve on a community redevelopment district established by general law), 86-55 (1986) (member of governing board may serve as city mayor), 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority), 94-83 (1994) (person may serve on airport authority and on school board), and 96-84 (1996) (city commissioner may also serve on area housing commission).
[6] 630 So. 2d 1055, 1058 (Fla. 1994).
[7] See
http://www.floridaspecialdistricts.org/OfficialList/report.cfm.