981 So.2d 1286 (2008)
Isabel del Pino ALLEN, Appellant,
v.
FLORIDA INTERNATIONAL UNIVERSITY, Appellee.
No. 3D07-612.
District Court of Appeal of Florida, Third District.
May 28, 2008.
David B. Pakula, Pembroke Pines, for appellant.
*1287 Isicoff, Ragatz & Koenigsberg and Eric D. Isicoff; Vernis & Bowling of Miami and Patrick H. Gonyea, Miami, for appellee.
Before COPE, WELLS, and SALTER, JJ.
COPE, J.
This is an appeal of an order dismissing a whistle-blower action filed by Isabel del Pino Allen, a former employee of Florida International University ("FIU"). The main issue debated by the parties is whether the Florida Commission on Human Relations ("the Commission") had jurisdiction to consider Ms. Allen's administrative complaint against FIU. We conclude that the answer is yes, and reverse for further proceedings.
Ms. Allen was employed by FIU. She complained about certain financial practices she observed. In December 2001, she filed an administrative complaint with the Commission under Florida's public sector Whistle-Blower's Act (the "Act"). § 112.3187(1), (7), Fla. Stat. (2001). FIU fired Ms. Allen effective February 9, 2002.
In June 2002, the Commission issued a Fact-Finding Report. The Commission found that Ms. Allen had "established a prima facie case and that it is reasonable to believe that Florida International University retaliated against her because of her whistle-blowing disclosures." The report also found that the Act "applies to this case." The Commission recommended that FIU reinstate Ms. Allen to the same position, or an equivalent position, and provide back pay and benefits. The Commission offered to assist in the conciliation of the matter for a sixty-day period.
In August 2002, Commission issued a notice terminating the investigation, saying that the Commission had been unable to conciliate the complaint. The notice informed Ms. Allen that she could bring a civil action within 180 days after receipt of the notice.
Three months later, in November 2002, Ms. Allen filed a civil action alleging that she had been wrongfully discharged by FIU in violation of the Act.
In August 2006, FIU moved for summary judgment, contending that the circuit court whistle-blower complaint had been untimely filed. FIU maintained that Ms. Allen had made a procedural misstep. FIU argued that it was not among the group of state agencies for whom the Commission had jurisdiction to entertain a whistle-blower administrative complaint. FIU maintained that instead of filing an administrative complaint with the Commission, Ms. Allen was required to file a civil action within 180 days after the adverse personnel action. See id. § 112.3187(8)(a). Ms. Allen filed her lawsuit more than 180 days after the adverse personnel action (but within 180 days of the Commission's final order). The trial court accepted FIU's argument that the Commission had no jurisdiction, and that Ms. Allen's lawsuit was untimely. The trial court entered summary judgment in favor of FIU, and Ms. Allen has appealed.[1]
Both sides agree that FIU is covered by the Act. That is so because the Act covers public agencies, and under paragraph (3)(a) of the statute, "agency" specifically includes a state university. § 112.3187(3)(a), Fla. Stat. (2001).
However, subsection (8) of the Act specifies different remedies for employees of *1288 different types of agencies. Id. § 112.3187(8). Paragraph (8)(a) sets forth the remedies for an employee of a state agency. Paragraph (8)(b) sets forth the remedies for a local public employee. Paragraph (8)(c) sets forth the remedies for everyone else.
Ms. Allen took the position that she was an employee of a state agency. Under the statute, a current or discharged employee of a state agency may file an administrative complaint which is to be investigated by the Commission. Id. § 112.3187(8)(a). That is the procedure Ms. Allen followed in this case.
FIU maintains that it does not qualify as a state agency under paragraph (8)(a), which is the remedies portion of the statute. To resolve the question, we begin with the language of the statute. Paragraph (8)(a) applies to "any state agency, as the term `state agency' is defined in s. 216.011. . . . "[2]
Chapter 216, Florida Statutes (2001), is Florida's planning and budgeting statute. Under chapter 216, "state agency" includes a "board." Id. § 216.011(1)(qq). Under paragraph 240.209(2)(d), Florida Statutes (2001), it was the responsibility of the Board of Regents to "[p]repare the legislative budget requests, including fixed capital outlay requests, in accordance with chapter 216 and s. 235.41. The board shall provide to the individual universities fiscal policy guidelines, formats, and instructions for the development of individual university budget requests." (Emphasis added).
At the time pertinent here, the functions of the Board of Regents had just been transferred to the State Board of Education. Id. § 229.003(5)(b) (effective July 1, 2001). The two boardsfirst, the Board of Regents and later, its successor, the Board of Educationwere required to submit budget requests under chapter 216 on behalf of their component state universities. It follows that the universities are included within the definition of "state agency" for purposes of chapter 216. That being so, FIU is within the definition of "state agency" under the remedies provision of the Act. Id. § 112.3187(8)(a). The Commission had jurisdiction to consider Ms. Allen's administrative complaint.
FIU relies on the decision in Caldwell v. Board of Trustees of Broward Community College, 858 So.2d 1199 (Fla. 4th DCA 2003), but that decision is not on point. In that case Ms. Caldwell had been provost of the community college. She filed an administrative whistle-blower complaint with the Commission. Notably, the Commission itself ruled that the community college was not a "state agency" for purposes of paragraph (8)(a). The Commission dismissed the administrative complaint and Ms. Caldwell appealed to the Fourth District Court of Appeal. After reviewing the applicable statutes, the Fourth District concluded that a community college is a political subdivision of the state, but does not satisfy the definition of "state agency" *1289 contained within paragraph (8)(a). Caldwell, 858 So.2d at 1200-01. Caldwell has no application here, for FIU is not a community college.
For the stated reasons, we reverse the order now before us and remand with directions to reinstate the complaint.
NOTES
[1] For present purposes we assume, but do not decide, that it was procedurally permissible for FIU to raise its argument that the Commission had no jurisdiction for the first time in the circuit court action.
[2] Paragraph (8)(a) provides:

(8) REMEDIES.
(a) Any employee of or applicant for employment with any state agency, as the term "state agency" is defined in s. 216.011, who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she engaged in an activity protected by this section may file a complaint, which complaint must be made in accordance with s. 112.31895. Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation, the complainant may elect to pursue the administrative remedy available under s. 112.31895 or bring a civil action within 180 days after receipt of the notice.
Id. § 112.3187(8)(a).